Weed *v.* Weed and another.

WEED *vs.* WEED AND ANOTHER.

The superior court has power to correct a record of a judgment, where such record does not conform with the judgment rendered.

During the term at which the judgment is rendered, the correction may be made by order of the court, on a mere suggestion of the error.

After the term is ended, the correction ought to be made only on a formal petition, setting forth the mistake, and the alteration prayed for, and after proper notice to the adverse party to appear and show reasons why the correction should not be made.

Jurisdiction in law and chancery being vested in this state in the same tribunal,

there is no objection to the court administering, in the same case, the different relief that is appropriate to each jurisdiction.

Therefore, where a petition was brought to the superior court, praying for the correction of the record of a judgment rendered at a former term of the same court, and also praying that the defendant might be enjoined against setting up the erroneous record in defense of a suit pending between the same parties; it was held, that it was no objection to the petition that it prayed for the action of the court, as a court of law in making the correction, and as a court of chancery in granting the injunction.

The case of *Carrington* v. *Holabird*, 17 Conn. R., 530, and 19 Conn. R., 84, referred to and approved.

Where, on an application for the correction of the record of a judgment of the superior court, which had been rendered upon advice of the supreme court of errors, the respondent, for the purpose of showing that such record was not in fact erroneous, read in evidence a letter from the presiding judge of the supreme court, to the clerk of that court, written at the time, but out of court, informing him of the decision of the supreme court in the case: it was held, that such letter, though admissible in evidence, was a mere informal communication and of no authority as a record.

Whether there is an error in a record, is a question of fact, and on an application for its correction, the fact is to be established like any other fact in a court of justice, by pertinent evidence. And parol evidence is admissible on such enquiry.

The entries made by the clerk of a court in his docket book, are not records, but mere memoranda, to assist his memory in afterwards making up the record.

Where, on a petition for the correction of a mistake in the record of a judgment, an order was made, in connection with the order making the correction, that the petitioner should endorse on the execution a certain sum improperly included in said judgment; it was held, that this constituted no objection to the principal order; as it was proper that the relief sought, should be granted on such terms as justice required; and that as the petitioner did not complain of the order, the defendant, in whose favor it was made, could not object to it.

THIS was a petition to the superior court for the county of Fairfield, praying for the correction of the record of a judgment, in an action at law, between the same parties, rendered at a preceding term; and also for an injunction against the use of such record to defeat an action of ejectment then pending.

It was alledged in the petition, that the plaintiff brought his action at law against the defendants, and attached certain real estate; that before the superior court, for the county of Fairfield, at the October term 1851, he recovered a verdict for the sum of $745.85 damages and $76.54 costs of suit:

that the defendants thereupon moved for a new trial, and the case was reserved for the advice of the supreme court of errors, and that that court at the June term 1852, advised the superior court to grant a new trial, unless the plaintiff would remit the sum of $117, part of the verdict: that in the superior court, at the following October term, he applied for leave to remit that sum, and take judgment only for the balance which the court permitted; but that the clerk, in making up the record, mistook the judgment of the court, and made the following erroneous record.

" And this court, pursuant to advice of the supreme court of errors, doth consider that said rule to show cause be made absolute, and that a new trial be granted, and that said case be entered in the docket of this court for a new trial, and the defendants recover of the plaintiffs their costs. In this case the plaintiff remits the sum of $117, and takes judgment for the balance, on the judgment, as by said verdict rendered, and the interest after deducting said sum of $117."

" Test        WM. H. NOBLE, Clerk."

That the petitioner took out execution and levied the same on the land attached, and brought his action of ejectment to recover the same, which was still pending, and that the defendants were endeavoring to reverse said judgment, and prevent the plaintiff from recovering the land and holding title to the same.

The petition then prayed that the record might be corrected, the judgment confirmed, and the defendants enjoined from taking advantage of the mistake to prevent the petitioner from recovering in his action of ejectment.

The cause came on for trial before the superior court, at the October term 1855, when that court found the allegations in the petition to be true, and passed a decree correcting the record, making it in conformity with the advice of the supreme court of errors, and enjoining the defendants against claiming on the trial of the action of ejectment or elsewhere, that the judgment was not as corrected.

The decree contained a further order, made with the consent of the petitioner, that within sixty days after the rising

of the court, he endorse on the execution issued upon the original judgment, the sum of $57.75, claimed to have been improperly included in the judgment.

Upon the trial of the case the petitioner offered in evidence the following entries, made upon the docket book of the superior court.

"October term, 1851.

"Jury—verdict 9th day.   Motion for new trial."

"October term, 1852.

"Rule discharged 3rd day.   The plaintiff remits the sum of $117, and takes judgment for the residue."

"October term, 1853."

[The record set forth in the petition.]

Also the following entry upon the docket book of the supreme court of errors, at the June term 1853: "New trial granted:" and the entry upon the record book of that court made as follows: "The superior court is advised that a new trial be granted."

He also offered the testimony of J. M. Carter Esq., and of H. F. Porter, the assistant clerk of the superior court, to prove that, at the term of that court in October 1853, the late Judge Church, then holding the court, stated verbally in court, that the court of errors had granted a new trial in the case, unless the plaintiff would remit the sum of $117, part of the sum reserved by him, but granted a new trial, provided the plaintiff would not remit that sum.

To the admission of this evidence the defendants objected, but the court overruled the objection.

They then read in evidence the following letter from the late Chief Justice.

"MIDDLETOWN, July 16, 1855.

"Clerk of the supreme court of errors.   Fairfield county."

"In the case of *Daniel G. Weed* v. *Stephen Weed and others*, tried at Fairfield, June term, 1853, the court has granted a new trial.

SAMUEL CHURCH, Chief Justice."

The defendants insisted that upon the foregoing evidence

the amendment prayed for in the petition could not legally be made, but the court decided otherwise, and decreed in favor of the petitioner.

The defendants therefore filed a motion for a new trial, and also a motion in error, and the questions of law were reserved for the advice of this court.

*Hawley* and *Ferris*, in support of the motions.

1. The testimony of Messrs Carter and Porter, was inadmissible. It was from mere recollection, aided by no written memorandum. It was several terms after the judgment was entered up. It was contradictory to the judge's official communication of the decision to the clerk, to the record of the court of errors, and to the record of the superior court of that very term.

A written memorandum or that which is equivalent is always necessary. *Waldo* v. *Spencer*, 4 Conn. R., 71. *Bradley* v. *Baldwin*, 5 Conn. R., 284. *Queen* v. *Virrier*, 12 Adol. & El., 317. (40 E. C. L., 48,) " by another part of the record." *Atkins* v. *Lawyer*, 1 Pick., 351.

Here it contradicts the record. *Thatcher* v. *Miller*, 13 Mass. R., 270.

2. But on all the testimony the amendment could not be made, after and long after (seven terms) the term when the judgment was rendered. 3 Bla. Com., 407. 1 Tidds. Pr., 648. *Judson* v. *Blanchard*, 3 Conn. R., 580. *Wilkie* v. *Hall*, 15 Conn. R., 32. If the amendment was allowable here, an amendment may be allowed at any time after judgment.

3. But the whole evidence is opposed to the amendment at any time. The letter of Judge Church, the record of the court of errors, and even that of superior court, all stand opposed to it.

*Dutton* and *Carter*, against the motions.

1. The mistake of the clerk in making up the judgment complained of, may be corrected at any time. 3 Bl. Com., 24. *Atkins* v. *Sawyer*, 1 Pick., 351, 354. " A judgment

may, as to matters of form, be amended at any time."
*Hickman* v. *Barnes,* 1 Missouri R., 156.

2. The injunction is clearly within the power of the court.
*Carrington* v. *Holabird,* 19 Conn. R., 84, and S. C., 17
Conn. R., 530.

3. Parol evidence was here admitted, not to contradict a
perfect record, but to correct a mistake arising from the mis-
prision of the clerk.

4. The entries on the docket and on the record book of
the court of errors, are not records. There is no law requir-
ing such memoranda to be kept.

5. The court of errors had no power to render any judg-
ment, or make any record, on a motion for a new trial. The
case was reserved for their advice, and they gave advice, but
that did not control the superior court, where the actual
power is lodged in rendering the judgment: 1 Sw. Dig., 781.

The power to grant or refuse a new trial, was in the supe-
rior court. Stat., Ed. 1854, p. 101, sec. 155.

WAITE, C. J. Several objections have been made against
the decisions in the court below.

In the first place it is said, that the court had no power to
make the correction prayed for, and therefore ought to have
dismissed the petition as insufficient.

The county and superior courts, in this state, both by stat-
ute and the common law, have long exercised the power of
setting aside a judgment and granting a new trial, for rea-
sonable cause, not only upon motion made, at the term when
the judgment was rendered, but upon a petition brought to
any subsequent term, within the three years limited by the
statute.

And it would seem to be as reasonable for a court to cor-
rect a record, not made in conformity with the judgment, as
to set aside that judgment, when justice to the parties re-
quired that it should be done. The power is necessary to
prevent a perversion of justice.

If the error of the clerk in making up the record, is dis-
covered at the term of the court in which the judgment is

rendered, the record may be made right by direction of the court, without any formal application for that purpose.

But if the mistake is not discovered until after the term is ended, and the parties have gone out of court, the correction ought not to be made, unless upon a formal petition setting forth the mistake, and the alteration prayed for, and after due notice has been given to the adverse party, to appear and show reasons why the relief should not be granted. All this was done in the present case, and hence no objection arises from want of due notice to the defendants, who appeared and were fully heard in the court below.

Again it is said, the petition is bad, as it prays for relief in a court of law, and also in a court of chancery; that the correction of the record of a judgment in a court of law, can only be made by that court, while a court of chancery alone has power to grant an injunction. There would be much force in this objection, were the two jurisdictions, as in England, and in some of the other states, vested in distinct tribunals.

But in this state the superior court administers relief, both in law and in equity. The form of the petition in this case, whether considered as an application for the correction of a record, or for an injunction, is substantially the same as it would be, if it contained a prayer for relief in one only of those particulars. And when we consider that the design of the suit is in effect to accomplish but one object, the correction of the record, and the prevention of an improper use of it, we see no necessity for requiring two suits to be brought, when entire justice can be done in one.

But, however this may be, the principle has been virtually settled by this court, in the recent case of *Carrington* v. *Holibard*, 17 Conn. R., 530, and S. C., 19 Conn. R., 84. In that case, it was holden, that in a petition for a new trial in an action at law, the petitioner might pray for an injunction against enforcing the payment of the judgment that had been rendered. We see no reason for disturbing the doctrine recognized in that case.

In the next place, it is said that parol evidence was inad-

missible to vary or contradict the record, and therefore the court erred in admitting the testimony of Carter and Porter. The principle is undoubtedly correct, when applied to the construction of the record, but does not apply when the object is to correct a mistake in the record.

Parol evidence is not admissible to vary the terms of a deed, but yet, in an application in chancery to correct a mistake in it, it is the constant practice to admit parol evidence to prove the mistake, to show what the agreement of the parties was, and what were the instructions given to the scrivener who drew it.

It is often the case, that the court announces in open court, the decision which it has made, without furnishing the clerk with any writing upon the subject. Were the latter to make a mistake in entering up the judgment, the injured party would be remediless, unless the mistake could be corrected upon the testimony of the judge who made the decision, and the counsel and others who were present and heard it announced.

Again it is said that the letter of the late Chief Justice, being in writing, ought to have had controlling influence in the decision of the case. But that was not a record which the law required to be kept, but a mere communication from the presiding member of the court, made out of court, to the clerk, informing him of the decision which had been made.

A mistake in that communication, in consequence of which the record was incorrectly made, would be just as injurious to the petitioner as if made by the clerk alone, and would render the record just as liable to correction.

Nor were the entries made upon the docket books, records, in the proper sense of the term, but mere memoranda, to assist the memory of the clerk, in afterwards drawing up his record.

Whether there was a mistake in the record, was a question of fact for the court below, to be established, as any other fact in a court of justice, by proper evidence. For this purpose the letter of the late Chief Justice, the entries upon the docket books, and the testimony of the witnesses who heard

the decision announced in open court, were all admissible ; and it was for the court upon that evidence, to say whether in fact a mistake had been made which required correction. And we see no ground for saying that the correct conclusion was not drawn from the evidence.

It is finally said that the decree is erroneous, inasmuch as it orders the petitioner to make a certain endorsement upon his execution. An application for the correction of a mistake in a record is very much like an application for a new trial, resting in some measure in the discretion of the court. And if the court sees that, by granting the prayer of the application, it would give the applicant an undue advantage over his opponent, it may withhold the exercise of its power, unless the applicant will consent to do justice to the opposite party.

The object of the petition, in the present case, was not to set aside a judgment, but merely to correct the record of it. And it seems that, on the trial, it was claimed that a certain sum was included in the judgment, which ought not to have been included. To obviate all difficulty arising from that claim, the petitioner consented to endorse that amount upon his execution. An order to that effect was accordingly made, and the correction decreed.

The petitioner can not and does not complain of this order. No injustice is done to the defendants, as it operates in their favor, and was probably made upon their complaint.

We therefore do not advise a new trial.

In this opinion, the other judges, STORRS and HINMAN, concurred.

New trial not to be granted.