[No. 3,546.]

## ROUSSET *v.* BOYLE.

TRANSCRIPT ON APPEAL.—It is the duty of the attorney taking an appeal to see that the copies of the transcript intended for the members of the Court literally conform to the transcript filed in the office of the Clerk.

CORRECTION OF MISTAKE IN JUDGMENT.—When the judgment entered by the Clerk does not conform to that pronounced by the Court, it will be corrected on motion, even after an appeal and affirmance of the judgment, and the issuing and service of an execution in the cause.

RETAINING FRUITS OF MISTAKE IN JUDGMENT.—A party who has, by the mere misprision of the Clerk, obtained the entry of a judgment against his adversary never in fact pronounced or rendered by the Court, cannot, while admitting the fact of the mistake, retain its fruits.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

On the 12th of October, 1868, the plaintiff commenced an action of ejectment to recover a tract of land, being a part of the Rancho Laguna de la Merced. The complaint described the demanded premises by metes and bounds, but did not state the number of acres. After the case was at issue, and on the 26th day of July, 1870, the cause was tried before the Court, without a jury. July 26th, 1870, the Court pronounced judgment from the bench in favor of the plaintiff. A judgment was entered by the Clerk for the premises, by metes and bounds, as described in the complaint. September 22d, 1870, the defendant gave notice of motion for a new trial, and a statement was filed. July 14th, 1871, the motion for a new trial was denied. July 24th, 1871, the defendant appealed from the order and from the judgment. At the October Term, 1871, the Supreme Court affirmed the judgment, on the ground that the statement was defective, and it is in reference to this that the Court, in its opinion on this appeal, speaks of a stipulation. The remittitur from the Supreme Court was filed in the office of the Clerk of the District Court, in November, 1871, and an execution was issued, under which the plaintiff was, by the Sheriff, on the 22d day of November, 1871, put in possession of the premises described in the complaint. On the 2d day of December, 1871, the defendant gave notice of motion to correct the judgment. The motion was heard December 8th, 1871. It appeared by the affidavits read on the hearing, and by the statement which had been filed on the motion for a new trial, that, on the trial, the plaintiff based his right to recover on a deed which conveyed only eight acres in said rancho, while the tract described in the complaint embraced an area of more than fifty acres. The affidavits filed by the moving party tended to show that the mistake in the entry of the judgment was not discovered until the

writ was served.  The Court below held that the judgment actually pronounced was only for the eight acres which the plaintiff's proofs showed he was entitled to, and ordered that the judgment entered by the Clerk be canceled, and that the Clerk enter a judgment *nunc pro tunc*, as of the date of the original judgment, for the eight acres.  The plaintiff appealed from this order.

*McAllisters & Bergin*, for Appellant.

The term of Court at which the judgment was rendered having elapsed, it had no power to interfere with the judgment.  (*Casement* v. *Ringold*, 28 Cal. 335; *Baldwin* v. *Kramer*, 2 Cal. 582; *Robb* v. *Robb*, 6 Cal. 22; *Carpentier* v. *Hart*, 5 Cal. 406; *Shaw* v. *McGregor*, 8 Cal. 521; *Morrison* v. *Dapman*, 3 Cal. 257; *Suydam* v. *Pitcher*, 4 Cal. 281; *Brangier* v. *Chevalier*, 9 Cal. 173; *Bell* v. *Thompson*, 19 Cal. 707; 40 Ala. 297; 27 id. 515; 14 id. 651; 15 Ind. 75; *Bank of U. S.* v. *Moss*, 6 How., U. S. 31.)

The judgment having been affirmed by the Supreme Court, the District Court had no power to interfere with it.  (*McMillan* v. *Richards*, 12 Cal. 468; *Argenti* v. *Sawyer*, 32 Cal. 415; *Litchfield* v. *Railroad Co.*, 7 Wall., U. S. 272; *Ex Parte Sibbald*, 12 Pet. 492; *Ex Parte Story*, 12 Pet. 342; *McGregor* v. *Buell*, 1 Keyes, N. Y. 157; *Lyon* v. *Merritt*, 6 Paige, 473.)

Amendments, *nunc pro tunc*, are admissible only of clerical errors or misprisions.  (*De Castro* v. *Richardson*, 25 Cal. 53.) Amendments, *nunc pro tunc*, can only be made by matter of record.  (*Morrison* v. *Dapman*, 3 Cal. 257; *Brangier* v. *Chevalier*, 9 Cal. 173; *De Castro* v. *Richardson*, 25 Cal. 53.) There was here no matter of record by which to amend, and parol evidence was inadmissible for the purpose.  All the facts were equally as well known and capable of ascertainment before as since the trial of the case.  They were put in issue, and the defendants were bound to adduce all their

proofs. (*Southard* v. *Russell*, 16 How. 560, 561, 562, 570, 571.)

*Sharp & Lloyd* and *Patterson*, for Respondent.

The order was proper. In *Arrington* v. *Conroy*, 17 Ark. 101, 104, it was held that a Court may at any time, without the aid of a statute, make its record speak the truth; and parol evidence was admitted to show what the judgment in fact was. To the same effect in that State. (See *Martin* v. *Bank of State*, 20 Ark. 336; 4 Eng. 185; 19 Ark. 178; *Mc-Knight* v. *Strong*, 25 Ark. 214.) In *Weed* v. *Weed*, 25 Conn. 340, 341, the point was urged that the judgment could not be amended after the adjournment of the term during which it was entered; and in support of the position was cited 3 Black. Com. 407; 1 Tidd. 648. The position was overruled by the Court, and parol evidence was admitted to show what judgment was pronounced, and the judgment was corrected according to the truth, the Court (p. 349) using the following language: " It is often the case that the Court announces in open Court the decision it has made, without furnishing the Clerk with any writing upon the subject. Were the latter to make a mistake in entering up the judgment, the injured party would be remediless, unless the mistake could be corrected upon the testimony of the Judge who made the decision, and the counsel and others who heard it announced." Again: " Whether there was a mistake in the record was a question of fact for the Court below, to be established as any other fact in a Court of justice, by proper evidence." * * * " Amendments may be had after the adjournment of the term, though formerly the rule was otherwise." (Coke L. 260 *a*.) The Clerk may amend the judgment so as to conform the entry to the decision. (*Smith* v. *Cox*, 7 Rob., N. Y. 477.)

In New York the rule is well settled: First, that a judgment may be amended after the expiration of the term;

second, and upon motion, affidavits, or parol evidence. (See the authorities collated, Tillinghast & Shearman's Practice, Vol. 2, pp. 1056, 1057.) And the rule has been carried to the extent of permitting a special term of the Supreme Court, from which an appeal lies to the general term, to amend the judgment of the general term. (*Bailey* v. *Brown*, 3 E. D. Smith, 66; see, also, *Mahon* v. *Perkins*, 35 Ga.; *Johnson* v. *Bank, etc.*, 2 Duval, 521; *Sparrow* v. *Strong*, 2 Nevada, 362; *Jenkins* v. *Long*, 23 Ind. 460; *Barron* v. *Blair*, 12 Ind. 371; *Thrasher* v. *Tyack*, 15 Wis.; *Frink* v. *Frink*, 43 N. H. 508; *Commonwealth* v. *Winston*, 5 Rand. 546; 6 Shepley, Me. 183; 5 Iredell, 203; 1 Green. 195; 1 Humphreys, 19, 380; 1 Scammon, 122.) Amendment allowed after error brought. (9 Porter, 252; 2 Ashmead, 90; 2 Howard, U. S. 263; *Balch* v. *Shaw*, 7 Cushing, 282; *Fay* v. *Wenzel*, 8 Cushing, 305.)

There is no limit as to the time within which an amendment can be made. (*Graves* v. *Fulton*, 7 How. Miss. 592; *Walker* v. *Walker*, 3 Harrington, 502.) The power of the Court to amend its record was carried further than this case requires in *Gomez* v. *The United States*, 23 How.

*Hollister & Smith* v. *The Judges of the District Court of Lucas County*, 8 Ohio, N. S., 201, was a case where a mandamus issued to compel the Judges of the District Court to correct the record: *Held*, that every Court, in the exercise of its supervisory and protecting charge over its records, and the papers belonging to its files, has the power to direct the Clerk to correct not only clerical errors, but such errors as may arise from any fraudulent or improper alteration or mutilation of its files or records; and for such purpose may hear evidence and act on the proof; and it is not essential that the Judges act on their personal knowledge of the error.

In California, the practice of amending a judgment more than five months after the expiration of the term at which it was rendered, so as to make it speak the truth, was upheld

in *People* v. *Pablo de la Guerra*, 43 Cal. 225, and this upon parol evidence. To the same effect is *Vance* v. *Pena*, 36 Cal. 328; *Rowland* v. *Kreyenhagen*, 24 Cal. 52; and *Black* v. *Shaw*, 20 Cal. 68.

By the COURT:

The order appealed from was lately affirmed here on the ground that it was not supported by a statement on appeal. The fact has since been suggested at the bar that this defect was cured by a stipulation between the counsel which was not called to our attention. We take this occasion to say that it is the duty of counsel to see that the copies of the transcript intended for the members of the Court *literally conform* to the transcript filed in the office of the Clerk. In the great majority of cases we never see the transcript filed in the Clerk's office, but depend entirely upon the copies sent to the consultation room for the use of the members of the Court. The latter are expected to be accurate in every respect, and unless their accuracy be assured, serious mistakes are liable to ensue.

Whatever conflict may be found (and it is certainly far from inconsiderable) between the authorities as to the right and duty of the trial Court to correct its records, in order to make them conform to the truth, and so prevent them from being turned into instruments of injustice, we think that it must be conceded that under no system of jurisprudence recognized among civilized people has it ever been permitted that a party who has by the mere misprision of the Clerk obtained against his adversary the entry of a judgment never, in fact, pronounced or rendered by the Court, should, while substantially admitting the fact of the mistake, retain its fruits.

The cases out of which controversies upon the subject have arisen are cases in which the judgment had in point of

fact been rendered by the error of the trial Court, or in which the fact of the mistake or misprision of the Clerk was controverted. It is argued, and with much force, that. there must be some point in the course of judicial proceedings at which the rights of the parties litigant become absolutely fixed and placed beyond challenge, and that, unless this point is to be found in the entry of final judgment in the cause, it is not to be hoped for elsewhere. Much stress is usually laid upon the danger of permitting a reagitation of matters which it is the very purpose of the judgment to definitely and finally determine. But where, as here, there is no real controversy upon the fact that the judgment is a mere misprision, no such difficulties can arise. We have looked in vain amid the numerous affidavits of counsel and parties, upon which the motion to correct the entry in question is resisted, for a substantial denial of the fact that in the entry of this judgment a mistake of a grave character—amounting here to about seven times the number of acres of land really in controversy—had intervened. The Court below was satisfied—it could not have been otherwise under the circumstances—that the judgment, as actually pronounced, had never been entered by its Clerk, and we would but accomplish a flagrant and obvious injustice should we disturb the conclusion at which it arrived or set aside the order it made.

Motion to set aside the order of affirmance denied.