Syllabus.

## JOEL B. GILLETT

*v.*

## HENRY A. BOOTH.

| 95 | 183 |
| 157 | 93 |
| 95 | 183 |
| 54a | 617 |
| 95 | 183 |
| 62a | 369 |

*Filed at Ottawa May 18, 1880.*

1. AMENDMENT—*of record at subsequent term.* The record of a judgment, decree or order in a cause may be amended at any time, even at a subsequent term, by the judge's minutes, when the opposite party is in court, or has had due notice, saving intervening rights of third persons, so as to make the record conform to the decision or ruling made at the time.

2. Where an order dissolving an injunction, and assessing damages and dismissing a bill, was at the same term set aside, which was shown by the judge's minutes and the clerk's entry, although a line was drawn across the order, both in the clerk's entry and the judge's minutes, and the record showed that the cause was continued at the same term at the complainant's costs, and that various subsequent proceedings were had as though the cause was still pending, and the judge and clerk both testified, without objection, that the erasure was not made by them, it was held error to refuse a motion to amend the record by showing the vacation of the original decree and opening the case.

3. The fact that a line has been drawn across the minutes of the judge and clerk, showing the vacation of a decree, is not conclusive evidence that the order evidenced by them has been revoked. It affords *prima facie* evidence to that effect, but nothing more.

4. WITNESS—*judge or clerk as to genuineness of minutes.* A judge or the clerk of a court making minutes of an order is a competent witness to prove or disprove the same whenever their genuineness is questioned. It may be proved that what purports to be a minute of a judge or clerk in a case is not, in fact, his minute, and upon the same principle it can be proved by him that marks of cancellation or erasure over the minute were not made by him.

5. MINUTES—*how proved.* Minutes of a judge or clerk must ordinarily be proved by the production of the proper docket, and showing by inspection that there is a minute, and it can not be explained or enlarged by parol evidence.

6. PRACTICE—*time to object.* Where no objection is made in the court below to proving a fact in a certain way, or by a particular person, who may be incompetent, it can not be urged on appeal or error.

WRIT OF ERROR to the Appellate Court for the Second District; the Hon. JOSEPH SIBLEY, presiding Justice, and the Hon. EDWIN S. LELAND and Hon. N. J. PILLSBURY, Justices.

Mr. GEO. PUTERBAUGH, for the plaintiff in error.

Messrs. HOPKINS & MORROW, for the defendant in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

On the 3d of May, 1868, Joel B. Gillett filed his bill in chancery, in the circuit court of Peoria county, against Henry A. Booth, praying that Booth be enjoined from harvesting a certain crop of rye therein described. A temporary injunction was issued thereon, and Booth subsequently filed his answer to the bill.

On the 21st of January, 1878, Booth moved to strike the cause from the docket, upon the ground that, "from the records of said court, it appears to have been long ago heard, decided and disposed of by decree upon the merits." At the same time, Gillett made a cross-motion to retain the cause upon the docket, and amend the record according to the judge's minutes and the agreement of the parties made in open court July 1, 1872.

The court overruled the cross-motion of Gillett and sustained the motion of Booth, and struck the cause from the docket. Exception was taken by Gillett to this ruling, and he thereupon prosecuted an appeal in said cause to the Appellate Court for the Second District. That court, on hearing, affirmed the order of the circuit court, and the present writ of error is prosecuted to reverse its judgment.

The order striking the cause from the docket is predicated upon a decree of the circuit court, made on the 20th of June, 1872, that the injunction theretofore granted be dissolved and the bill dismissed, and assessing damages to the defendant by reason of the wrongful suing out of the injunction.

The cross-motion of Gillett, the defendant in the circuit court and now plaintiff in error, is supported by this evidence: On the 21st of June, 1872, plaintiff in error, by Ingersoll & McCune, his attorneys, presented to the court his

motion, in writing, to set aside the decree. The motion was supported by an affidavit of R. G. Ingersoll, the contents of which it is unnecessary to notice.

The minutes in the docket of the judge, in the handwriting of S. D. Puterbaugh, then presiding judge of that court, are as follows:

"June 21. Motion by defendant to set aside order of dissolution of injunction and assessing damages."

"July 1. Motion to set aside order, decree, etc., sustained by agreement." A line is drawn over this minute by a pen.

The minutes of the clerk, made in open court, on his docket, on the 1st of July, 1872, are:

"412. Motion to set aside decree sustained by agreement." A line has been drawn by a pen over this minute, also.

Subpœnas were served upon witnesses by the defendant in error in person, on the 1st and 2d days of July, 1872, as shown by his affidavit on file, to appear and testify in the cause.

Then there appears upon the motion docket of said court, of date July 3, 1872, a motion for a continuance by plaintiff in error, in these words: "Complainant moves for a continuance; affidavit on file."

On the judge's docket of the same date, in said cause, this minute was made:

"July 3. Continuance, at complainant's costs." The clerk's docket of the same date contains a like minute.

Said cause remained on docket thence continuously until stricken from the docket by said order of the court on the 21st of January, 1878. No orders were made at these terms: September, 1872; November, 1872; January, 1873; March, 1873; October, 1873; December, 1873; February, 1874; May, 1874; October, 1874; December, 1874; February, 1875; May, 1875; December, 1875; October, 1875; February, 1876; October, 1876; December, 1876; February, 1877, and April, 1877; but this we regard of but little moment, further than as showing that the case was not very vigorously prosecuted.

The case stood continued from term to term, without any order of the court, by force of the statute—that is, of course, assuming that it was otherwise rightfully upon the docket. Rev. Stat. 1874, p. 331, sec. 38.

The records show orders in the cause subsequent to July 3, 1872, as follows:

"Tuesday, May 6, 1873. Continued by order of court."

"Thursday, April 9, 1874. Continued at complainant's costs."

"April 5, 1875. Passed to the foot of the docket."

"Saturday, April 15, 1875. By agreement of parties, this cause is referred to the master in chancery to take evidence and report the same to the court.

" It is further ordered that the master give at least six days' notice to the parties of the time and place of taking such testimony."

It appears from the files of the cause an agreement was made between counsel on the 19th of May, 1877, to open a deposition.

On the 1st of June, 1877, the subpœna of defendant in error for fourteen witnesses to appear before the master in chancery on the 29th of May, 1877, and testify in the cause, was filed.

On the 31st of July, 1877, consent was given by the court to plaintiff in error to file an amendment to his bill, and this amendment was filed August 29, 1877.

It was held in *Coughran* v. *Gutcheus*, 18 Ill. 390, that errors and mistakes in court records, made by the officers of the court, may at any time, upon notice to the parties in interest, and saving the intervening rights of third parties, be corrected so as to make the record conform to the action or judgment of the court, and it was said: "Ordinarily, these errors and mistakes are apparent from the minutes of the judge, other entries of the same record, or the pleadings and files in the cause, and in such case, there being something to amend by,

courts will not hesitate to make such amendments as will advance justice and sustain the rights of the parties."

The same doctrine was again announced in *Church et al.* v. *English*, 81 Ill. 442.

In that case the circuit court at its August term, 1875, ordered the record in the cause to be so amended as to show what orders had in fact been made in it at the September term, 1865. This was upon an inspection of the judge's minutes, and in accordance therewith. We affirmed the validity of this action of the circuit court, and, among other things, there said: " As between the original parties, we are not aware of any limitation as to the time in which such amendment may be allowed. No reason suggests itself why such amendments may not be made at any time, so long as anything definite and certain remains to amend by."

The right to amend judgments, decrees, etc., by the judge's minutes is also fully recognized in *Forquer et al.* v. *Forquer*, 19 Ill. 68, *McCormick* v. *Wheeler, Mellick & Co.* 36 id. 114, *Seely* v. *Pelton, Admx.* 63 id. 101, and *Cairo and St. Louis R. R. Co.* v. *Holbrook*, 72 id. 419. Certainly this can only be done when the opposite party is before the court or has had due notice, and also after saving intervening rights of third parties, but no question of this kind is here involved.

The object of the cross-motion by plaintiff in error was not, as seems to be assumed by counsel of defendant in error, to abrogate a judgment or alter a judgment, but simply to place on the record a former order and decree of the court, which, by reason of the negligence of the clerk, was never entered.

Under the authorities to which we have referred, there can be no question that if the judge's and clerk's minutes had stood upon their respective dockets just as they were originally made, without any evidence of a subsequent effort to erase or cancel them, the plaintiff in error would have been entitled to have had his cross-motion allowed,—that is to say,

he would have been entitled to have had the records show precisely what had been ordered and decreed in the case.

Does the fact that a line has been drawn with a pen across these minutes afford *conclusive* evidence that the order or decree evidenced by them has been revoked? We think not. It may be conceded that it affords *prima facie* evidence to that effect, but nothing more. If it appeared that immediately after making the minutes, the lines were drawn across them by the party making them, it would leave no room to doubt that his intention was to obliterate them, and leave his record just as if they had never been made. But, suppose these lines are drawn years after the minutes are made, and by persons having no authoritative control over the records, it is quite clear, then, they would not affect the minutes, and could not be considered on a question like the present.

It does not appear here when or by whom these lines were drawn. It is shown by the affidavits of the judge and the clerk, by whom the minutes were made, that they were not drawn by them. These affidavits, if objected to, would not perhaps have been admissible, but there does not seem to have been any objection to proving the facts in this way, and such an objection can not be raised, for the first time, in this court.

We are clearly of opinion, that in a case of this kind, the party making minutes is a competent witness whenever the question of the genuineness of the minutes is involved. Thus, we think, it could be proved that what purports to be a minute of a judge or clerk in a given case, is, in fact, not his minute, but is a forgery; and, upon the same principle, it can be proved by him that marks of cancellation or erasure over the minute were not made by him. Minutes, it is true, will ordinarily be proved by the production of the proper docket, and showing, by inspection, that there is a minute; and it can not be explained or enlarged by parol evidence,— it must speak for itself. But there is nothing about it which, in legal contemplation, precludes the possibility of forgery or mistake, and hence it may be shown whether it is in fact

what it purports to be by evidence *aliunde.* And it was upon this precise ground that we refused to disturb the judgment in *Cairo and St. Louis Railroad Co.* v. *Holbrook, supra.* There was a minute there on the judge's docket, proved not to be in the handwriting of the judge, but in that of the clerk, and we held, because it was shown not to have been the minute of the judge, he was justified in disregarding it.

But, beyond the proof afforded by the affidavits on file, we think there is evidence which shows the judge making the minute for the order and decree of July 1, 1872, did not attempt to erase or cancel it. If he had done so, he should not, and, it is fair to presume, he would not have made any further order in the case. If the order and decree of June 20, 1872, were left in force, then the case was out of court for all purposes.

It is not reasonable to suppose that the court, and the counsel on the respective sides, would all have forgotten the cancellation or erasure of the order of July 1 so soon as July 3—that is, within two days,—for on that day the cause was, on motion of complainant, continued by order of the court at his costs. So, also, it is impossible to suppose that the defendant in error would have been serving subpœnas on his witnesses on the first and second days of July if the order and decree of June 20 had remained in force. The fact that the case was continued right along on the docket by the court, and with the consent and acquiescence of counsel, etc., the further facts of the stipulation of counsel to open depositions, subpœnaing witnesses to testify before the master, etc., are consistent, and reconcilable with the minutes made by the judge and clerk on the first of July, and utterly inconsistent and irreconcilable with the idea that those minutes were erased or canceled before further action in the case, and no effort at cancellation, subsequently and without notice, could be availing.

We think the evidence was ample to sustain the cross-

motion of plaintiff in error, and that it was error to overrule
that motion and sustain the motion of the defendant in error.

The order and decree of the Appellate Court is reversed,
and the cause remanded for further proceedings consistent
with this opinion.

*Decree reversed.*

| 95 | 190 |
| 33a | 215 |

| 95 | 190 |
| 148 | 202 |

| 95 | 190 |
| 150 | 351 |
| 152 | 514 |

| 95 | 190 |
| 51a | 396 |

| 95 | 190 |
| 157 | 192 |

| 95 | 190 |
| 55a | 29 |

| 95 | 190 |
| 73a | 710 |

| 95 | 190 |
| 181 | 601 |

| 95 | 190 |
| f96a 1 | 76 |
| 96a 3 | 79 |

| 95 | 190 |
| 196 | 1368 |
| 196 | 2368 |

| 95 | 190 |
| 105a | 1577 |

| 95 | 190 |
| 106a | 1364 |

| 95 | 190 |
| 111a | 1551 |

| 95 | 190 |
| e212 1 | 74 |

| 95 | 190 |
| 115a | 1302 |
| 115a | 1306 |