[No. 16006.   Department One.—January 14, 1896.]

## C. H. KAUFMAN, APPELLANT, v. JOSEPH E. SHAIN, ET AL., RESPONDENTS.

AMENDMENT OF RECORDS—CORRESPONDENCE WITH FACTS—POWER OF COURT.—Every court of record has inherent power to cause its acts and proceedings to be correctly set forth in its records; and whenever it is brought to the knowledge of the court that the record made by the clerk does not correctly show the order or direction which was in fact made by the court at the time it was given, the court has authority to amend its record to correspond with the actual facts; though it has no power, under the forms of an amendment, to correct a judicial error, or to make of record an order not in fact given.

ID. — CORRECTION OF MINUTE ENTRY — SUFFICIENCY OF EVIDENCE — CONCLUSIVE ACTION OF COURT.—The motion to correct a minute entry to correspond with the facts is eminently addressed to the court in which the entry was made, and the amount and kind of evidence requisite to satisfy the court as to what was its real order must rest with that court, and its determination upon any conflict of evidence concerning the order actually made is not open to review.

ID.—RECORD EVIDENCE NOT REQUIRED.—The common-law rule that after the term there can be no amendment of a record unless there is something in the record to amend by, does not apply to the amendment of minute entries or orders of court not forming a part of the judgment roll; and the court may amend such minute entries or orders to correspond with the facts upon any competent evidence showing what were the facts, and that a mistaken entry was made by the clerk.

ID.—TIME FOR AMENDMENT—POWER OF COURT.—The power of a court to amend its records so that they may correspond with the fact, and correctly express what was done by the court, may be exercised at any time.

ID.—AMENDMENT OF ORDER OF DISMISSAL—MOTION OF CODEFENDANT—LAPSE OF TIME—VACATION OF JUDGMENT.—Where an order dismissing an action was entered by the clerk in the minute-book in connection with an order sustaining a demurrer of part of the defendants to the complaint, without argument, in the absence of the plaintiff, and of a codefendant whose demurrer was still pending, and there is a sufficient showing to sustain a finding by the court that there had been no order

in fact made directing a dismissal of the action, the court may, more than three years afterward, upon motion of such codefendant, correct the entry accordingly; and may also set aside the judgment of dismissal at any time within six months after it was entered; and it is immaterial that the judgment was in favor of the moving party, or whether it was or was not entered at his request.

ID.—DIRECTION FOR AMENDMENT OF MINUTE ENTRY—ACTUAL AMENDMENT—POWER OF COURT TO SET ASIDE JUDGMENT.—It is not necessary that the minute entry of the order dismissing the action should be actually amended, in accordance with the order directing it to be amended, before such order for amendment can be available upon a motion to set aside the judgment of dismissal, but the direction for the amendment is, for the purpose of said motion, equivalent to an actual amendment; and the entry of the judgment not having been authorized, the court could set it aside within six months after its entry, even of its own motion, without any request therefor.

APPEAL from an order of the Superior Court of the City and County of San Francisco, amending a minute order and setting aside a judgment. WM. T. WALLACE, Judge.

*Garber, Boalt & Bishop,* for Appellants.

The minute order could not be amended more than six months after its entry, upon evidence extraneous to the record. (1 Freeman on Judgments, 4th ed., sec. 72, and cases cited; *Morrison* v. *Dapman,* 3 Cal. 255; *Branger* v. *Chevalier,* 9 Cal. 172; *Swain* v. *Naglee,* 19 Cal. 127; *DeCastro* v. *Richardson,* 25 Cal. 49, 52, 53; *Lattimer* v. *Ryan,* 20 Cal. 632; *Hegeler* v. *Henckell,* 27 Cal. 491; *Bostwick* v. *McEvoy,* 62 Cal. 496, 502; *San Joaquin etc. Company* v. *West,* 99 Cal. 345.) The judgment of dismissal was not a nullity; and the court could not set it aside more than six months after its rendition. (*Brackett* v. *Banegas,* 99 Cal. 623, 626.) There being no findings, the minute entry was the rendition of judgment. (*Crim* v. *Kessing,* 89 Cal. 488; 23 Am. St. Rep. 491.) The court cannot correct a judicial error by amendment, after the lapse of six months. (Code Civ. Proc., sec. 473; 1 Freeman on Judgments, sec. 70, and cases cited; *Dyerville Mfg. Co.* v. *Heller,* 102 Cal. 615.)

*Frank Shay,* for Respondent.

Neither Mr. Davis nor his attorney of record authorized the signing of his name to an order for entry of the judgment for dismissal, and he is not bound thereby. (*Commissioners* v. *Younger,* 29 Cal. 147, 149, 150; 87 Am. Dec. 164; *Clark* v. *Willett,* 35 Cal. 534, 538-39; *Estate of Arguello,* 50 Cal. 308; *Mott* v. *Foster,* 45 Cal. 72.) The court had power to receive evidence by affidavit of what was said and done when the order corrected was entered, and could base its amendment of the record upon such evidence. (*Arrington* v. *Conrey,* 17 Ark. 100; *Doane* v. *Glenn,* 1 Col. 456; *Gillett* v. *Booth,* 95 Ill. 183; *Wyman* v. *Buckstaff,* 24 Wis. 477; *Sexton* v. *Bennett,* 17 N. Y. Supp. 437.) The court has power at any time to correct its record so as to make it speak the truth. (*Egan* v. *Egan,* 90 Cal. 15, 21; *Crim* v. *Kessing,* 89 Cal. 478; 23 Am. St. Rep. 491; *Hall* v. *Merrill,* 47 Minn. 260; *Nell* v. *Dayton,* 47 Minn. 257.) An unauthorized judgment or order may be set aside at any time, and the six months' limitation does not apply. (*Wharton* v. *Harlan,* 68 Cal. 422; *People* v. *Greene,* 74 Cal. 400, 404; 5 Am. St. Rep. 448.)

HARRISON, J.—An amended complaint was filed in this action May 16, 1890, to which a demurrer was filed by the defendants, Herrlich and Hanlon, May 23d, and by the defendant Davis, June 4th. October 10, 1890, the demurrer of Herrlich and Hanlon came on for argument, and was sustained by the court, and thereupon the clerk made the following entry in his minutes under the title of the cause: "In this case the demurrer of the defendants, Julie Herrlich and John F. Hanlon, to the second amended complaint coming on regularly this day to be heard, it is by the court ordered, on motion of counsel for said defendants, that said demurrer be and the same is hereby sustained. It is further ordered by the court that this cause be and the same is hereby dismissed." Thereafter, on the 14th of March, 1894, a judgment was entered by the clerk in accordance with said

entry, dismissing the action, and in favor of the defend-
ants for their costs.   May 4, 1894, the defendant Davis,
in accordance with a previous notice to the plaintiff
therefor, moved the court for an order amending the
above minute entry, by striking therefrom the clause
"It is further ordered by the court that this cause be
and the same is hereby dismissed," upon the ground
that said entry upon the minutes was not the order
made by the court, and was not authorized or directed
to be entered by the court; and also that the judgment
be amended by limiting its effect to the defendants
Herrlich and Hanlon; and in support of his motions
presented the affidavit of the shorthand reporter of the
court, setting forth what had transpired in court on the
day the order sustaining the demurrer was made. After
hearing the motions and the evidence offered in support
thereof, the court made an order August 20, 1894, di-
recting that the minutes be amended by striking out
the words "It is further ordered by the court that this
cause be and the same is hereby dismissed," and that
the judgment entered on the 14th of March be set
aside.   From this order the plaintiff has appealed.

Every court of record has the inherent right and
power to cause its acts and proceedings to be correctly
set forth in its records.   The clerk is but an instrument
and assistant of the court, whose duty it is to make a
correct memorial of its orders and directions; and,
whenever it is properly brought to the knowledge of the
court that the record made by the clerk does not cor-
rectly show the order or direction which was in fact
made by the court at the time it was given, the author-
ity of the court to cause its records to be corrected in
accordance with the facts is undoubted.   (*Matter of
Wright*, 134 U. S. 136; *Balch* v. *Shaw*, 7 Cush. 282; *Fay*
v. *Wenzell*, 8 Cush. 315; *Frink* v. *Frink*, 43 N. H. 508;
80 Am. Dec. 189; *Crim* v. *Kessing*, 89 Cal. 486; 23 Am.
St. Rep. 491.)   In the exercise of this power the court
is not, however, authorized to do more than to make its
records correspond to the actual facts, and cannot, under

the form of an amendment of its records, correct a judicial error, or make of record an order or judgment that was never in fact given.    (*Egan* v. *Egan*, 90 Cal. 15.)    The power to change its judgment, as well as the time within which such change may be made, depend upon different principles, and it was held in this state, until a different rule was prescribed by statute, that this power could not be exercised after the adjournment of the term in which the judgment had been entered. (*Baldwin* v. *Kramer*, 2 Cal. 582; *Morrison* v. *Dapman*, 3 Cal. 255; *Carpentier* v. *Hart*, 5 Cal. 406; *Lattimer* v. *Ryan*, 20 Cal. 628; *Willson* v. *McEvoy*, 25 Cal. 169; *Casement* v. *Ringgold*, 28 Cal. 335.)    The history and development of the procedure in this state upon this subject is set forth in *Brackett* v. *Banegas*, 99 Cal. 623.    In *Branger* v. *Chevalier*, 9 Cal. 172, the same rule was applied to an order revoking the settlement of a statement on the ground that by being filed the statement had become a part of the record.    In *DeCastro* v. *Richardson*, 25 Cal. 49, the rule was applied to an order amending a previous order granting time within which to prepare a statement on motion for a new trial, but in *Spanagel* v. *Dellinger*, 34 Cal. 476, the court held that it had erred in making such application; that, notwithstanding the adjournment of the term after judgment had been entered, the court had jurisdiction to correct or amend orders made in proceedings for a new trial, for the reason that such orders did not form a part of the "record" which had become final by the adjournment; and in *Willson* v. *Cleaveland*, 30 Cal. 192, it was held that the adjournment for the term did not affect the jurisdiction of the court over its orders made during that term, unless final judgment in the case had been entered.    The same question was argued by counsel in *Hegeler* v. *Henckell*, 27 Cal. 491, but, as it did not appear from the record that any order amending the minutes had been made, the point was not passed upon by the court.

Whether the clerk has correctly recorded an order made by the court, or whether an amendment of the

entry shall be made so that the minutes shall correctly
express what was done or directed, is to be determined
by the court in which the motion is made; and the evi-
dence that may be offered in support of the motion must
be satisfactory to the judge of that court. The motion
to correct a minute entry is eminently addressed to the
court in which the entry is made, and its determination
upon any conflict of evidence concerning the order that
it had made is not open to review.   " The amount and
kind of evidence requisite to satisfy that court as to
what was the real order of the court, and what was the
proper entry on the docket or extended record, must
rest with that court." (*Fay* v. *Wenzell, supra.*)   In act-
ing upon the motion the judge is in the exercise of one
of the functions of his judicial office, and will not
direct the amendment unless the evidence is such as
will clearly satisfy him that the entry does not correctly
express the order which was made.   If the motion
is made upon the day succeeding the entry, his own
memory of what he had directed might be sufficient,
whereas, if there had been a great lapse of time between
the making of the entry and the motion for its amend-
ment, he would naturally require more explicit evidence
that the entry was incorrect.   (See *Porter* v. *Vaughan,*
22 Vt. 269.)

The court is not precluded from correcting the entry
merely because the "record" does not show that it is
itself incorrect.   The rule at common law, that the
record can be amended only when there is something
in the record to amend by, was applied when it was
sought to amend a judgment at a term of the court sub-
sequent to that in which it had been signed and enrolled,
but it has no application to the amendment of matters
that do not form a part of the judgment-roll or "rec-
ord."   Until the entry of the judgment the record was
in the breast of the court.   Afterward it was in the roll·
It was only the "record" thus made up which imported
absolute verity.   " The making up of the judgment-roll
is the equivalent under our practice of the entry of rec-

ord at common law." (*De Castro* v. *Richardson, supra.*) So long as the matters remained "in paper," that is, before the record had been enrolled on parchment, it was not a matter of record, but was subject to amendment upon mere suggestion. (1 Tidd's Practice, 697, 711.) Mere entries in the minutes of the court are not, properly speaking, matters of record. (*Weed* v. *Weed*, 25 Conn. 344.) They become so only by being incorporated into bills of exception, and thus made a part of the judgment-roll. In *Spanagel.* v. *Dellinger, supra,* the original entry in the minutes of the court gave the appellant time within which to prepare a "statement on appeal," and after the adjournment of the term the court directed an amendment of the entry by causing it to read a "statement on motion for.a new trial." There was no record or minute entry that such an order had been made, and the amendment was allowed upon a showing by the affidavit of the attorney that such was the order that had been made. In *Crim* v. *Kessing, supra,* an order, of which there was no entry in the minutes, was made and entered *nunc pro tunc* upon "proofs to the satisfaction of the court." In *Rousset* v. *Boyle,* 45 Cal. 64, after the judgment had been affirmed by the supreme court, it was amended in matter of substance, upon a showing of matters outside of the record that it did not conform to the judgment which had been in fact rendered. In *Weed* v. *Weed, supra,* it is said: "It is often the case that the court announces in open court the decision which it has made, without furnishing the clerk with any writing upon the subject. Were the latter to make a mistake in entering up the judgment the injured party would be remediless, unless the mistake could be corrected upon the testimony of the judge who made the decision, and the counsel and others who were present and heard it announced." In *Frink* v. *Frink, supra,* the court said: "We think it clear upon the authorities that the court may make such amendments upon any competent legal evidence, and that they are the proper judges as to the

amount and kind of evidence requisite in each case to
satisfy them what was the real order of the court or
actual proceeding before it; what was the proper entry
to be made upon the docket, and how the record should
be extended." (See, also, *Gillett* v. *Booth*, 95 Ill. 183;
*Bank* v. *Seymour*, 14 Johns. 219; *Hunt* v. *Wallis*, 6
Paige, 375.)

This power of a court to amend its records so that
they may correspond with the fact, and correctly express
what was done by the court, may be exercised at any
time. (*Crim* v. *Kessing, supra; Egan* v. *Egan, supra;
Frink* v. *Frink, supra; Balch* v. *Shaw, supra; Fay* v. *Wen-
zell, supra; Hart* v. *Reynolds*, 3 Cow. 42, note.) " No
lapse of time will divest the court of its power or absolve
it from its duty to supply deficiencies in the records of
its own proceedings where justice and the truth of the
case require it." (*Lewis* v. *Ross*, 37 Me. 230; 59 Am.
Dec. 49.)   In *Cradock* v. *Radford*, 4 Mod. 371, the court
ordered the roll to be brought in and amended twenty
years after the judgment had been signed.   In *Frink*
v. *Frink, supra*, the amendment was allowed after a
lapse of twelve years, and in *Balch* v. *Shaw, supra*, a still
longer time had intervened between the entry and the
amendment.   In *Crim* v. *Kessing, supra*, the court in
January ordered a *nunc pro tunc* order to be made, as of
the previous March, prior to the trial of the cause.   In
*Rousset* v. *Boyle, supra*, the court permitted the amend-
ment several years after the entry of the judgment, and
after it had been affirmed in the supreme court.

In view of the foregoing principles the order of the
superior court must be affirmed.   From the affidavit of
the shorthand reporter it appeared that when the de-
murrer was called for argument there was no appear-
ance on behalf of the plaintiff, and that the demurrer
was sustained on the motion of the attorney for the de-
murring party without argument, and that when, upon
the direction of the court that the demurrer be sustained,
the attorney asked for judgment, the court replied:
" The demurrer is sustained.   I haven't allowed any

amendment. If you desire it, let judgment be entered dismissing the action. I say that must follow as a matter of course; but I simply sustain the demurrer here."

It may be conceded that the remarks of the court are not entirely free from ambiguity, but, for the purpose of resolving this ambiguity and determining what order was then made, the court was justified in holding that the final statement, "I simply sustain the demurrer here," was to be taken as qualifying the prior announcement to the attorney that judgment would be entered dismissing the action, if he desired it, and as declaring to him that before such order would be entered some additional motion must be made by him. In addition to this affidavit there was before the judge at the hearing of the present motion the calendar and note-book kept by him, upon which was the following entry written by him: "*Kaufman* v. *Shain, et al.* Demurrer of J. F. Hanlon and Julie Herrlich to second amended complaint. Demurrer sustained. Action dismissed, if counsel are present." Through the words "if counsel are present" a pencil mark had been drawn, but it did not appear when or by whom it was drawn. There was another demurrer to the complaint in behalf of other defendants pending before the court, and none of the counsel for either the plaintiff or any other party to the action was present. This showing on behalf of the respondent was sufficient to sustain a finding by the judge that there had been no order made by him directing a dismissal of the action, and to authorize the minutes to be corrected accordingly. The plaintiff presented no evidence contravening the above showing, and introduced only the minute entry itself and the judgment-roll containing the judgment subsequently entered thereon.

That portion of the order setting aside the judgment must also be affirmed. Such an order necessarily followed the order amending the minute entry. The objection upon the ground of lapse of time has no application, for the reason that the motion to amend, as

well as the order amending the judgment, were made within less than six months after the judgment was entered. It was not necessary that the minute entry should have been actually amended in accordance with the order therefor before it was available upon the motion to amend the judgment. The direction for its amendment was, for the purpose of that motion, equivalent to its actual amendment. Upon the amendment of the minute entry the premises upon which the judgment rested, and which were recited therein, fell, and as it appeared to the court that a judgment had been entered by the clerk without any direction therefor, the court was authorized to set it aside at any time within six months after its entry, even upon its own motion, and without any request therefor. Whether the judgment had been entered at the request of the respondent or not was immaterial. If the clerk had no authority to enter it, it could not be binding upon him, even though it purported to be a judgment in his favor; and he was not precluded from seeking to have it set aside even if it had been entered at his request.

The order is affirmed.

Van Fleet, J., and Garoutte, J., concurred.

Hearing in Bank denied.