[Civ. No. 3393. First Appellate District, Division One.—May 26, 1920.]

## EVA F. RICHMOND, Appellant, v. HELEN V. DENNY, Executrix, etc., et al., Respondents.

[1] RESTORATION OF RECORDS—DIVORCE ACTION—ALIMONY PROVISION—INSUFFICIENCY OF EVIDENCE—JUDGMENT.—Upon an application for the restoration of the record in a divorce action, the court, if not fully satisfied from the evidence adduced in support thereof that the provision for alimony, alleged to have been a part of the original decree of divorce, correctly expresses the order previously made by it, is justified in refusing to direct the restoration of the record to the extent of including it.

[2] ID.—DATE OF DIVORCE—REFERENCE TO RECORD OF TITLE COMPANY. In such a proceeding it is not error to refuse to allow a witness to testify regarding the date of the divorce action from a record of a title company, where such record was not made by her or under her direction.

[3] ID.—SERVICE OF SUMMONS—HEARSAY EVIDENCE.—In such a proceeding, testimony of the wife that she knew her husband, the defendant, was served with summons in the divorce action at a given place, if based on hearsay, is properly excluded; and it is not error to refuse to permit her counsel to show by tests of her recollection that she has a remarkable memory.

[4] ID.—KNOWLEDGE OF DEFENDANT OF DIVORCE ACTION — CONVERSATIONS WITH PLAINTIFF IMMATERIAL.—In a proceeding to restore the records in a divorce action, testimony of the plaintiff as to conversations had by her with the defendant subsequent to the divorce action, if offered for the purpose of showing that the de-

fendant was personally served at a given place, that he knew a
divorce had been granted, and that he knew the amount of the
permanent maintenance, is immaterial and properly excluded.

[5] ID.—NEW TRIAL UNAUTHORIZED.—In a proceeding for the restora-
tion of lost or destroyed records, a new trial is unauthorized.

APPEAL from an order of the Superior Court of the
City and County of San Francisco refusing to restore a lost
record in conformity with plaintiff's application. John
Hunt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Louis P. Dunkley and George F. Owens for Appellant.

Jas. P. Sweeney and Frank J. Fontes for Respondents.

WASTE, P. J.—This is an appeal from a judgment, or
order, of the trial court refusing to restore a lost or de-
stroyed record, in conformity with appellant's application
for restoration of the records in the case of *Eva F. Denny*
v. *Orion O. Denny,* a divorce action instituted by the appel-
lant against her husband, since deceased, in 1884, the record
of which was destroyed in the conflagration of April 18,
1906. The court found, in substance, and restored the com-
plaint, the summons, service of which was made and default
entered, the findings, and the decree of divorce. It refused
to incorporate in the decree an alleged provision granting the
plaintiff the sum of $250 per month as and for permanent
alimony, for the maintenance and support of plaintiff alone,
commencing September 1, 1884. The restoration of the de-
cree of divorce as presented would have laid the foundation
for a judgment in favor of the petitioner, which could have
been made the basis of a claim against the estate of the de-
ceased.

The lower court found that "in view of the impecunious
condition of the defendant [the deceased husband] in said
action at the time of said trial, as disclosed by the evidence
herein, that no such amount as the sum of $250 per month
was awarded to plaintiff for the support of herself
alone; . . . That, at the time of the destruction of said rec-
ords by fire, the said Eva F. Richmond (formerly Eva F.
Denny) was a resident of the city and county of San Fran-

cisco; that, in failing to apply for the restoration of said record for more than thirty-two years since the date of said decree of divorce, and more than ten years after the destruction of the records herein, and more than six months after the date of the death of said Orion O. Denny, the said Eva F. Richmond, formerly Eva F. Denny, was guilty of laches, in allowing an unreasonable length of time to elapse before the filing of said petition herein, thus rendering uncertain and unsatisfactory to the court the testimony offered as to the contents of the proposed record.''

The act providing for the restoration of lost or destroyed records provides, in part: '' . . . If, upon such hearing the court shall be satisfied that the statements contained in such written application are true, the court shall make an order reciting what was the substance and effect of such lost, injured or destroyed judgment. . . . '' (Stats. 1906 (Ex. Sess.), p. 73, sec. 2.)

While the attorney of record for the plaintiff in the divorce action testified that, to the best of her recollection, the complaint prayed for, and the decree contained a provision awarding $250 to the plaintiff as her permanent alimony, the uncontradicted testimony of the plaintiff was that she testified, upon the trial of the divorce action, that her husband had no business or occupation; that his father put him in business in Seattle; that he did not ''make good''; that she and her husband were living upon the bounty of defendant's father; that the largest amount that the defendant had ever received from his father, as an allowance, was $150 per month; and that these facts were true. There was, therefore, sufficient warrant for the court's action in holding the evidence unsatisfactory, and in refusing to include the alimony provision in the decree as restored, and ample justification for the remark of astonishment of the trial judge, the same one before whom the action was tried some thirty-two years ago, that he, ''having heard that the man was only getting $150, ordered him to pay $250.''

[1] The lower court, not being fully satisfied from the evidence adduced in support thereof that the provision for alimony, alleged to have been a part of the original decree of divorce, correctly expressed the order previously made by it, was justified in refusing to direct the restoration of the record, to the extent of including it. (*Kaufman* v. *Shain*,

111 Cal. 16, 21, [52 Am. St. Rep. 139, 43 Pac. 393].) Regardless of the question of the effect of the long delay in making the application, and the strong inference thereby arising, the failure of the petitioner to satisfy the lower court as to the contents of the destroyed decree was fatal to her cause.

Certain errors complained of by the appellant may be briefly disposed of. The objection that the executrix and executors of the estate of the deceased defendant in the state of Washington were allowed to appear and defend the action was expressly waived in the court below, and no motion was made to strike out their answer, the verification of which, by the attorney for the defendants, complied with the requirements of the code.

[2] It was not error to refuse to allow the witness, Mrs. Foltz, to testify regarding the date of the divorce action from a record of the Title Guaranty and Trust Company, which was not made by the witness, or under her direction.

[3] The evidence of the plaintiff that she knew her husband, the defendant, was served with summons in the divorce action in San Francisco, was based on hearsay, and was properly excluded. Neither was it error to refuse to permit plaintiff's counsel to show by tests of her recollection that she had a remarkable memory.

[4] The appellant urges as one of the grounds of her appeal that the court erred in refusing to allow the plaintiff to testify as to conversations had by her with the defendant subsequent to a divorce action, for the purpose of showing that he was served personally in the city and county of San Francisco, that he knew a divorce had been granted, and that he knew the amount of the permanent maintenance, and the other facts contained in the decree of divorce. On this ground the evidence was immaterial in a proceeding to restore the lost record, and was properly excluded, regardless of the other reasons urged by respondents in their objections, and which seem to have been favored by the lower court. The claim that the rejected testimony would have had some bearing on the matter of laches of the petitioner appears to be an afterthought. Such contention was not made in the lower court.

The alleged facts as to the contents of the destroyed documents were fairly presented by the amended petition for the

restoration, and the action of the court in not permitting certain minor amendments was not prejudicial to the rights of the petitioner. [5] The motion for a new trial was properly denied. No statutory provision has been called to our attention permitting a retrial of the limited, and special, proceedings provided for the restoration of lost or destroyed records.

The order is affirmed.

Richards, J., and Welch, J., *pro tem.,* concurred.