[Civ. No. 1800.   Fourth Appellate District.—July 8, 1936.]

CARRIE FRANCIS et al., Respondents, v. F. O. RIDDLE et al., Appellants.

McFadzean & Crowe for Appellants.

Farnsworth, Burke & Maddox and James K. Abercrombie for Respondents.

BARNARD, P. J.—In this action for damages for personal injuries judgment was entered on November 23, 1934, based upon the verdict of a jury.  A motion for a new trial was argued on January 14, 1935, on two grounds, namely, that the evidence was insufficient to justify the verdict and that the verdict is against law.  On January 22, 1935, the motion for a new trial was granted and the deputy clerk was ordered to enter such order.  As so entered, this order read: ''Defendants' motion for a new trial in this action having been heretofore submitted to the court for consideration and decision, and the court having duly considered the law and being fully advised in the premises, doth order that said motion

for a new trial be and the same is hereby granted." On March 7, 1935, the plaintiff filed notice of appeal from that order granting a new trial. Later, but on the same day, an attorney for the defendants presented to the trial judge and he signed an order entitled "Order correcting clerical error". This order, after reciting that it appeared to the court that there was a clerical mistake in the minute order granting a new trial, ordered said minute order corrected "so as to conform to the order directed and intended by the court" by adding to the original order granting a new trial, as above quoted, the following words: "Upon the ground of the insufficiency of the evidence to sustain the verdict, and that it is against law."

Thereafter, counsel for plaintiffs filed notice of a motion to vacate and set aside the "order correcting clerical error" upon the ground that the order granting a new trial, as thus amended, was not the order which the trial judge had made or directed to be entered at the time he granted the motion for a new trial, that said correcting order had been made through the mistake and inadvertence of the court and that the court lacked jurisdiction to make the said correcting order.

This motion to vacate and set aside the correcting order of March 7, 1935, was made upon affidavits presented by both sides and was argued and submitted on April 29, 1935. On July 23, 1935, the court entered an order vacating and setting aside the order of March 7, 1935, using the following language:

"Plaintiffs' motion to vacate and set aside the order of the court entitled 'Order Correcting Clerical Error' made and entered on the 7th day of March, 1935, having been heretofore argued by counsel for the respective parties and submitted to the court for consideration and decision, and the court having duly considered the law and being fully advised in the premises, doth order that said motion be and the same is hereby granted, upon the ground that the error referred to in said order was a judicial error and not a clerical error."

From that order of July 23, 1935, the defendants have appealed.

■ While it is well settled that a court has authority to cause its records to be so corrected as to make them speak the truth, it is equally well settled that a court is not authorized, under the form of such an amendment, to correct a judicial

error or thus make of record an order or judgment that was never, in fact, given. (*Kaufman* v. *Shain,* 111 Cal. 16 [43 Pac. 393, 52 Am. St. Rep. 139].)

It appears from the affidavits used in support of the motion to vacate and set aside the correcting order, including the affidavit of the deputy clerk who entered the original order granting the motion for new trial, that that order, as originally made and given by the court, was correctly entered. In the order here appealed from the trial court in effect finds that this was true, and frankly states that the error referred to in the correcting order was a judicial error and not a clerical error.

No abuse of discretion appears and the order appealed from is affirmed.

Marks, J., concurred.

Jennings, J., being absent, did not participate herein.