Brownlee *v.* The Board of Commissioners of Grant County.

No. 12,127.

## BROWNLEE *v.* THE BOARD OF COMMISSIONERS OF GRANT COUNTY.

JUDGMENT.—*Amendment of.*—*Mistake.*—In a proceeding to amend a judgment rendered nearly two years previously, in favor of various persons, from which, it is alleged, the plaintiff's name was omitted by mistake, such mistake must be clearly shown.

SAME.—*Evidence.*—*Supreme Court.*—*Practice.*—*Presumption.*—In such case evidence other than the record is admissible to show the alleged mistake; but where the trial court refuses to hear such evidence, the Supreme Court will, in its absence from the record, presume that the ruling was right.

From the Grant Circuit Court.

*J. Brownlee,* for appellant.

*A. Steele* and *R. T. St. John,* for appellee.

BEST, C.—The appellant, on behalf of himself and more than one hundred other persons, all taxpayers of Grant county, brought an action against the commissioners of the county to recover certain taxes alleged to have been illegally collected from them by the treasurer of said county, under an assessment made by him in 1878, for previous years. Such proceedings were had as resulted in a judgment awarding one hundred of such persons the various sums paid by them respectively under such assessment. The judgment, as entered, did not embrace the appellant and about a dozen other persons named in the complaint, and nearly two years thereafter the appellant, on behalf of himself and such other persons, moved the court to amend the judgment so as to embrace himself and such other persons, and to specify the amounts awarded to each of them. This motion was overruled, and from such ruling this appeal has been taken.

The ground of the motion was that the clerk in entering the judgment, by mistake, omitted the names of these persons and the respective amounts awarded them from the judgment.

The evidence is in the record. It consists of the complaint, answer and the various entries made by the clerk during the progress of the cause. These utterly fail to show the alleged mistake. It appears that after the issue was formed the court appointed John P. Campbell a special master commissioner to report the amount of taxes paid by each of the persons named in the complaint, and that such report was afterwards made and filed. Thereupon the action was dismissed as to all persons not named in the report. This report, though a paper in the cause, was not read in evidence, and in its absence we can not say that the action was not dismissed as to all who now seek an amendment of the judgment. If their names were not in the report, the action was dismissed as to them, and of course no judgment was recovered by them or either of them. In this condition of the record, it was necessary for these persons to show that their names were included in such report, and in the absence of such showing the evidence did not authorize an amendment of the judgment.

The appellant also insists that the court erred in refusing to receive any extrinsic testimony of such alleged mistake. If the action was dismissed, no available error could thus have been committed. Aside from this, no such evidence was offered. The record recites that the court "refuses to hear any evidence" except the complaint, entries, etc., but it nowhere appears that any was offered. If the appellant had no other legitimate evidence, the ruling was right, though evidence other than the record is admissible to show such alleged mistake. In the absence of the evidence refused, if any, we can not say that the ruling was wrong, but on the contrary must presume that it was right. *Myers* v. *Murphy*, 60 Ind. 282; *Rucker* v. *Steelman*, 97 Ind. 222.

For these reasons, we think the court did not err in overruling the motion, and that its order should be affirmed. This conclusion renders it unnecessary for us to express an opin-

ion upon the right of appellant to maintain this proceeding on behalf of the other persons named.

PER CURIAM.—The order of the court in overruling the motion is, therefore, affirmed, at appellant's costs.

Filed April 10, 1885; petition for a rehearing overruled April 25, 1885.