Shauck, J.
It is said that the learned judges-of the circuit court were of the opinion that the judgment of reversal rendered in this ease was. required by the decision of this- court in Heirs of Ludlow v. Johnston, 3 Ohio, 553.
That ease was reported at great length, and it. has been misunderstood frequently. An analysis-of the case shows that it was not a proceeding in. the court of common pleas, acting as a court of probate, to enter upon its record the evidence of an order which it had in fact made at a former term. It was an action of ejectment. The plaintiffs claimed as heirs-at-law of Israel Ludlow who had died intestate, seized of the lands in controversy. The defendants relied upon the record of a former proceeding instituted by the administrators of Ludlow for the sale of lands to satisfy his debts, and upon a conveyance executed by said administrators pursuant to authority supposed to have been conferred upon them by the court in-such former proceeding. The proceeding by the administrators had been instituted under an act-which was repealed by an act which took effect June 1, 1805. To this defense the validity of an order of sale made at the August term 1805, after the repeal of the statute which authorized the court to order the sale, was indispensable. The entry of the August term did not find that an order for-the sale of the lands in controversy had in fact been made at the May term, 1805, or at any other-time before the repeal of the act under which the proceeding was taken. The court entered an. order first made in August, and attempted to give-it effect before the repeal of the statute by adding: “This order to be considered of Ma-y term.” When this record, including the August *402 entry, was offered by the defendant in the ejectment case, it did not show that any order of sale had been made prior to the repeal of the statute which authorized it. The defendant then attempted to supply this defect by parol evidence, showing what the record as ' amended did not show, viz: that the sale which was made had been ordered in May. It was for this purpose that evidence of that character was held to be incompetent. That case, therefore, contains no warrant for the eighth proposition of the reporter’s syllabus, nor for the judgment of the circuit court in this case:
The inherent power of courts of record to correct their records in furtherance of justice is of ancient exercise. It is admitted that the power exists, and that it is restricted to placing upon the record evidence of judicial action which has been actually taken —that it can be exercised only to supply omissions in the exercise of functions that are clerical merely.
But concerning the evidence upon which it may be found that the suggested judicial action was previously taken, the cases are quite discordant. The diverse conclusions that the fact of such former action can be found only from the records; that it may be found from the records aided by the judge’s recollection, and such memoranda as there may be and by the files; that parol evidence is in no case admissible; that parol evidence may be taken to settle the terms of a judgment, but not the fact that a judgment was rendered; and that the facts and terms of the judgment may be found upon any evidence by which they are clearly and satisfactorily established, all find support in the decisions of courts of last resort.
*403 If the fact that the judgment was pronounced, or an order made, is to be inferred alone from the record as it exists, the inference might as well be drawn by the court in which the record is relied upon as by that in which it was made. It is not easy to see why the recollection of the judge as to the making of an order is more reliable when he continues in office and orders the nunc pro tunc entry, than when, as in this case, his official term having expired, he gives oral testimony before his successor upon the same subject. No reason is apparent why a memorandum which an officer may happen to make, but which he is not required to make, should, upon a question of competency, be regarded as entitled to especial consideration. Nor is it practicable to distinguish between the evidence offered to show the fact, conclusive of nothing, that a judgment was rendered, and that offered to show the terms that are essential to its efficacy.
In proceedings of this character whether the order had been made is a question of fact. It seems more consonant with the purpose for which the power of making entries nunc pro tunc is exercised, and with the reasons involved, that in determining that . question of fact, the court should resort to all sources of information that are competent under the general rules, including the oral testimony of witnesses who have personal knowledge upon the subject. The proceeding presupposes the absence „of a record upon the subject, and the court should receive the best evidence of which the ease admits. This view of the subject has been taken in numerous cases, including Brownlee v. The Commr's., 101 Ind., 401; Rugg v. Parker, 7 Gray., 173; Frink v. Frink, 43 N. *404 H., 508; Weed v. Weed, 25 Conn., 337 ; Bobo v. The State, 40 Ark., 224. In Hollister Smith v. The Judges, 8 Ohio St., 201, it was applied by this court to the correction of a bill of exceptions which was also a part of a judicial record.
The reported eases generally recognize the impropriety of exercising the power in question, unless it is clearly shown that the supposed judicial action was formerly taken. In various forms it is declared that to establish that fact there should be such convincing evidence as to exclude all conjecture. That view has been taken by this court whenever the subject has been adverted to, and it is reaffirmed now. The record before us shows, however, that in this regard due caution was observed by the -probate court. It does not appear that, -as to the effect of the evidence, a different view was taken in the circuit court.
Judgment of the circuit court reversed and that of the common pleas affirmed.