GEORGE RYAN v. THE STATE.

No. 4631.   Decided October 17, 1917.

**1.—Murder—Dismissal—Right of Appeal.**

Where upon trial of murder, the district attorney filed a motion to dismiss the case, stating his reasons, to which opposition was filed by defendant, and the reasons assigned were assailed, and on hearing, the trial court entered a judgment dismissing the case, to which defendant excepted and gave notice of appeal to this court, held, that this court can not entertain the appeal, and the case must be dismissed. Following Venters v. State, 18 Texas Crim. App., 209, and other cases.

**2.—Same—Statutes Construed—Right of Appeal—Final Judgment.**

Construing articles 894 and 952, C. C. P., this court has limited its right to entertain appeals to cases that come within the terms of one of these provisions, and that there must be a final judgment of conviction to authorize this court to consider the case on appeal. Following Cox v. State, 34 Texas Crim. Rep., 94, and other cases.

**3.—Same—Rule Stated—Statute Construed—Final Judgment—Conviction.**

While the term "final judgment" is used in the statute, and in a sense a judgment dismissing the case is final, yet it is not a final judgment of convic-

tion, and the term "final judgment" under the decisions and article 853, C. C. P., is one in which there has been a trial settling the controversy against the defendant by his conviction.

#### 4.—Same—Suggestions by the Court—Dismissal.

While it is not to be doubted that a wrongful dismissal might be oppressive and that against such wrong the aggrieved party would have an appropriate remedy, yet this relief is not to be obtained by an appeal from the order of dismissal.

Appeal from the District Court of Galveston. Tried below before the Hon. Clay S. Briggs.

Appeal from a judgment dismissing the case.

*Stubbs & Stubbs, Mart H. Royston, Tom Turnley,* and *Jos. H. T. Bibb,* for appellant.—Cited art. 37, C. C. P.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited cases in opinion.

MORROW, JUDGE.—Appellant was indicted for murder in Harrison County, and on change of venue his case was removed to the District Court of Galveston County.

The district attorney filed a motion to dismiss the case, stating his reasons. Opposition was filed thereto by appellant, and the accuracy and sufficiency of the reasons assigned were assailed. On hearing the court entered a judgment dismissing the case. Exception was reserved, and notice of appeal given. The authority of this court to entertain the appeal is questioned by the Assistant Attorney General. Appellant insists that it is the right and duty of this court to review the grounds of dismissal, and reverse the judgment if the grounds are deemed unsound, basing his claim upon the proposition that the dismissal upon insufficient or illegal grounds would operate to deny him a speedy public trial guaranteed to him by the Constitution. Our Constitution, article 5, section 5, says: "The Court of Criminal Appeals shall have appellate jurisdiction co-extensive with the limits of the State in all criminal cases of whatever grade with such exceptions and under such regulations as may be prescribed by law." The necessity and force of regulations prescribed by the Legislature relating to appeals to this court have often been recognized by its decisions. Johnson v. State, 42 Texas Crim. Rep., 103; Barnett v. State, 42 Texas Crim. Rep., 302; Earles v. State, 94 S. W. Rep., 464; Knight v. State, 66 Texas Crim. Rep., 335, 144 S. W. Rep., 983. Similar views have been expressed by the Supreme Court. Schleicher v. Runge, 90 Texas, 456; S. A. & A. P. Ry. Co. v. Blair, not yet reported. The authority of the Legislature to prescribe rules to be observed in pursuing an appeal is generally recognized. See Ruling Case Law, vol. 6, p. 454, sec. 451; Andrews v. Schwartz, 156 U. S., 272, 39 L. Ed., 422; Reetz v. Michi-

gan, 188 U. S., 505, 47 L. Ed., 563; Am. & Eng. Ann. Cases, 1913d, p. 1257, and notes.

Our statute, article 894, C. C. P., is as follows: "A defendant in any criminal action, upon conviction, has the right of appeal under the rules hereinafter prescribed," and article 952 of the same code makes a similar provision with reference to habeas corpus proceedings. Construing these statutes, the court has limited its right to entertain appeals to cases that come within the terms of one of these provisions. For instance, in Ex parte Wright, 40 Texas Crim. Rep., 136, the right of appeal was denied where the trial court refused to reduce the bail. A similar ruling was had where the trial court decided against the appellant upon the issue of insanity in Darnell v. State, 24 Texas Crim. App., 6. Also on the issue of identity, under art. 861, subdiv. 4, Washington v. State, 31 Texas Crim. Rep., 84.

In a number of cases the court has held that there must be a final judgment of conviction rendered to authorize this court to consider the case on appeal. See Young v. State, 1 Texas Crim. App., 64; Cox v. State, 34 Texas Crim. Rep., 94, and numerous cases cited at page 870, Vernon's C. C. P. The term "final judgment" is used, and in a sense a judgment dismissing a case is final. It is not a final judgment of conviction, however, and the term "final judgment" as used in the decisions has, we think, reference to that term as defined by article 853 of the Code of Criminal Procedure, which, in substance, defines such a judgment as one in which there has been a trial settling the controversy against the appellant by his conviction. Article 856 provides for a sentence. The entry of the sentence, except in capital cases, which is governed by a special statute, has been held prerequisite to appeal. Crow v. State, 36 S. W. Rep., 93; Foster v. State, 64 Texas Crim. Rep., 531, and numerous cases cited in Vernon's C. C. P., p. 851, under article 856, supra. Article 37 of the Code provides for a dismissal, and lays down the procedure, and our conclusion is, that upon the order entered dismissing the case, following this procedure, the right of appeal to this court does not exist. It is not to be doubted that a wrongful dismissal might be oppressive, and that against such wrong the aggrieved party should have an appropriate remedy. Such is the suggestion of Judge Hurt in the opinion of this court in Venters v. State, 18 Texas Crim. App., 209, wherein he says: "We have made these observations to show that such procedure, if persisted in, would result in very great oppression to a party charged with an offense. And if a case should arise in which it appeared that such a procedure was had for the purpose of depriving the citizen of 'a speedy trial,' we think that the proper relief would be found." This relief, however, is not to be attained by an appeal from the order of dismissal.

The appeal is dismissed.

*Dismissed.*