HEDDA BURGEMEISTER V. THE STATE.

No. 4939. Decided April 24, 1918.

**Judgment Nisi—Final Judgment—Right of Appeal—Interlocutory Judgment.**

Where appellant filed a motion in the trial court to set aside the judgment nisi on a forfeited bail bond, which the court on his own motion dismissed, this gives no right of appeal, as there was no final judgment on the forfeited bail bond as provided under article 960, C. C. P., and the appeal must be dismissed.

Appeal from the District Court of Bexar. Tried below before the Hon. W. S. Anderson.

Appeal from an order of the trial court dismissing the application to set aside the judgment nisi in the sum of $7500.

The opinion states the case.

*T. M. Campbell* and *Chambers & Watson,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The appellant was charged with a felony in the District Court of the Thirty-seventh Judicial District, executed a bond in the sum of $7500 upon which a forfeiture was taken and judgment

nisi entered on the 1st day of February, 1915. On February 11, 1918, she filed in the court mentioned a motion to set aside the judgment nisi. The court of his own motion dismissed the application to set aside the judgment nisi, the judge declaring that he was without jurisdiction to entertain it. This is complained of and the appeal is from the entry of this order dismissing the motion.

The motion contained meritorious allegations and the record discloses no reason for the alleged absence of jurisdiction and no other reason for the failure of the court to hear and determine the motion. If he had done so and entered final judgment on the forfeiture there would have been no question of the right of appeal. Having failed to do so and merely dismissed the motion the right of appeal is quite doubtful. Article 960, C. C. P., relating to the procedure on forfeited bail bonds provides for an appeal upon the rendition of a final judgment. The rule in civil cases obtains; under these appeals lie from a final judgment. Art. 2078, Sayles' Civil Statutes, and annotations thereon. Except in special cases, appeals from interlocutory orders are not entertained. See Sayles' Civil Statutes, art. 2079, and cases cited. The judgment nisi is in the nature of an interlocutory judgment. See Vernon's C. C. P., title 7, chapter 4. After the judgment nisi is entered citation is necessary as a predicate for final judgment. Arts. 490, 493, 498, C. C. P. It is only when after citation is served and final judgment is entered that execution may issue. Art. 581. The dismissal of appellant's motion left the judgment nisi in statu quo. It appears from the motion that no citation had issued upon it and that the State was making no effort to make it final. The appellant or her sureties had a right, she having appeared before final judgment and submitted to trial, to have the forfeiture set aside (art. 504, C. C. P.), upon showing legal grounds therefor. The dismissal of her motion would seem to leave this right intact. The order made does not adjudicate her rights, does not purport to make the judgment final. Neither she nor her sureties can suffer any injury from execution of the judgment nisi. No order that this court could make would conclude the matter and we are constrained to believe that we are without jurisdiction to entertain the appeal. See Ryan v. State, 81 Texas Crim. Rep., 632, 198 S. W. Rep., 582.

Appellant suggests that before her appeal bond was executed she had delivered to the sheriff a sum of money equal to the amount of her bond fixed by the court and that the sureties were obtained by the sheriff, and that the status of the case leaves her without remedy in her desire to recover the money so deposited. It is possible that the law would afford some remedy, but we are of opinion that it does not lie in the power of this court to give it on appeal from an order dismissing the motion.

The appeal is dismissed.

*Dismissed.*

PRENDERGAST, Judge, absent.