### STAHL v. HARRISON COUNTY et al.
### (No. 3318.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 30, 1926. Rehearing Denied Jan. 6, 1927.)

1. Bail ⊜=73—Money unlawfully accepted by sheriff for liberation of prisoner held not recoverable after forfeiture for prisoner's nonappearance.

In action for recovery of money given sheriff to release prisoner from jail, and subsequently forfeited upon prisoner's nonappearance at trial, such money could not be recovered back by prisoner though act of officer in accepting deposit was unlawful.

2. Bail ⊜=73—In action for recovery of forfeited illegal bail, plaintiff had burden of showing title to sum sued for.

In action for recovery of sum paid by prisoner to sheriff for liberation and forfeited upon nonappearance of prisoner at trial, burden of proving title to money sued for *held* on plaintiff.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by George Stahl against Harrison County and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Hall, Brown & Hall and F. M. Scott, all of Marshall, for appellant.

Chas. E. Carter and John E. Taylor, both of Marshall, for appellees.

HODGES, J. In December, 1924, the appellant, George Stahl, was arrested in Harrison county, Tex., on a charge of unlawfully transporting intoxicating liquors. After an examining trial before a justice of the peace, he was committed to jail to await the action of the grand jury of Harrison county. Being unable to make the bond of $1,000 required by the justice of the peace, Stahl was remanded to the custody of the sheriff. Later, however, by agreement with the sheriff, he placed in the hands of the latter $1,000,

which was accepted in lieu of an appearance bond. That sum was delivered to the sheriff as a guaranty that Stahl would appear at the next term of the district court to answer the charge that might be preferred against him by indictment. After the receipt of the money, and in pursuance of the agreement, Stahl was released from custody by the sheriff. At the next term of the district court Stahl was indicted by the grand jury and a warrant was issued for his arrest, but he could not be found and never appeared when the case against him was called for trial. A judgment nisi was entered by the district court, declaring a forfeiture of the $1,000 which Stahl had delivered to the sheriff in lieu of an appearance bond. At the succeeding term of the court that judgment was made final, and the clerk of the court to whom the sheriff had delivered the money was directed to pay the same over to the treasurer of Harrison county, after deducting certain amounts due the sheriff and county attorney as fees. On March 15, 1925, Stahl filed this suit against Harrison county, making the sheriff and county attorney parties defendant. He alleged his residence to be Jackson county, Mo. It is conceded that he had presented his claim for the demand to the commissioners' court, and that it had been rejected. In a trial before the court, a judgment was rendered for the defendants.

[1, 2] The facts of this case are strikingly similar to those involved in Dufek v. Harrison County et al., 289 S. W. 741, this day decided by this court. This judgment should be affirmed for the reasons there stated, and upon the authorities cited by Chief Justice Willson. Besides the grounds there discussed, others equally as cogent might be presented in support of the judgment of the trial court. Stahl bases his suit to recover the money upon the proposition that he never parted with the title. He admits the manual delivery of the money, and the conditions and purposes for which it was delivered. He also admits that he received his liberty as the consideration, and, in effect, conceded that the conditions had occurred upon which his title was to be completely divested. His sole ground for reclaiming possession of the money is that the sheriff had no legal authority to receive it in lieu of an appearance bond. But that fact is not decisive of the case. The title to the money was in the appellant. He had the power to divest himself of that title, regardless of the purpose for which it was done. The law, while condemning the object to be accomplished, imposed no restraints upon the power of the appellant to part with the title and possession of his own property. If this had been a lawful transaction, one in which the sheriff might properly have taken the money, appellant could not, under the rules of common law, demand its return. Certainly he can-

---

⊜=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

not claim a greater right because the transaction was unlawful, since it is one in which he was equally guilty of the unlawful act committed. This was a completed transaction, and the legal right of the sheriff to retain the money is not dependent upon any unexecuted stipulations. As plaintiff in the action the appellant had the burden of showing that he then held the title to what he sued for. That cannot be done by merely proving that the sheriff had no legal authority to release the appellant from custody in consideration of the deposit of the money. If the appellant cannot recover from the sheriff, he is not entitled to recover from any party to whom the sheriff may have delivered the money.

The judgment is affirmed.