**TURLEY et al. v. TOBIN et al.**   (No. 7207.)

Court of Civil Appeals of Texas. Austin.
April 18, 1928.

Rehearings Denied May 23, 1928.

**1. Bail ⬤⟶73—In action to recover sum deposited with sheriff as security to bail bond, finding that deposit was in lieu of proper appearance bond held erroneous.**

In action on sheriff's bond and against county to recover sum' deposited by plaintiff with defendant while sheriff, as security to plaintiff's bail bond, trial court's finding that deposit with sheriff was in lieu of proper appearance bond *held* erroneous.

**2. Bail ⬤⟶73—Transaction whereby sheriff accepted money as collateral security to bail bond was not wholly illegal in sense that he could avail himself of it to depositor's injury.**

Though law does not expressly authorize sheriff to accept money as collateral security to bail bond, his action in accepting deposit as security to bail bond was not wholly illegal in sense that he could avail himself of it to injury of one depositing money.

**3. Bail ⬤⟶73—Sheriff accepting deposit as security to bail bond held it subject to depositor's liability on principal obligation.**

Where sheriff accepted sum from one charged with crime as security to bail bond, he held it subject to depositor's liability on principal obligation.

**4. Bail ⬤⟶73—Where judgment nisi forfeiting bail bond was set aside, bond was satisfied, and security given. for bond was purged of stain of illegality, if any (Code Cr. Proc. 1925, arts. 424, 425).**

Where judgment nisi forfeiting bail bond, as provided for in Code Cr. Proc. 1925, arts. 424, 425, was set aside, bond was satisfied, and such satisfaction of principal obligation purged security given for bond of its stain of illegality, if it was ever so burdened.

**5. Trusts ⬤⟶33—Sheriff accepting sum as security to bail bond held fund as trustee.**

Where sheriff accepted sum from one charged with crime as security to bail bond, he held fund as trustee.

**6. Evidence ⬤⟶174(2)—Carbon copy of decree in another court and evidence that decree was lost or destroyed and never entered held properly excluded.**

In action to recover sum deposited as security to bail bond, carbon copy of decree in another court setting aside judgment nisi forfeiting bail bond, and evidence that decree setting aside judgment was lost, misplaced, or destroyed, and was never entered, *held* properly excluded.

**7. Judgment ⬤⟶293—Decree setting aside judgment nisi forfeiting bond was not void because of clerk's failure to record it.**

Decree setting aside judgment nisi and forfeiting bail bond was not void because of failure of clerk to properly enter and record it, but it was binding as between parties in that court making decree.

**8. Judgment ⬤⟶273(1)—Trial court has power by nunc pro tunc entry to make records reflect judgment rendered, where judgment was not entered.**

Trial court has power by nunc pro tunc entry to make records reflect judgment actually rendered, where judgment was lost, misplaced, or destroyed, and was never entered.

**9. Evidence ⬤⟶157(6), 158(6)—Judgment of another court can be proved only by original instrument, or duly certified copy, unless record has been lost or destroyed; absence of record of judgment cannot be supplied by parol.**

A judgment of another court can be proved only by original instrument, or a duly certified copy thereof, unless record has been lost, or destroyed, and absence of record cannot be supplied by parol or other extrinsic evidence.

**On Appellants' Motions for Rehearing.**

**10. Bail ⬤⟶79(2)—Decree setting aside judgment nisi forfeiting bail bond is incontestable, and in its nature a criminal proceeding, in which state cannot appeal (Code Cr. Proc. 1925, art. 440).**

Decree setting aside judgment nisi forfeiting bail bond is incontestable, and is in its nature a criminal proceeding, in which the state is not entitled to a new trial, under Code Cr. Proc. 1925, art. 440.

**11. Bail ⬤⟶79(2)—Court of Civil Appeals cannot consider certified copies of decree setting aside judgment nisi forfeiting bail bond which were not before trial court (Rev. St. 1925, arts. 1822, 1856).**

Under Rev. St. 1925, arts. 1822, 1856, Courts of Civil Appeals can consider affidavits, or proof de hors the record, only in so far as same affect their jurisdiction, and on appeal from judgment in action to recover sum deposited as security to bail bond, court could not consider certified copies of decree setting aside judgment nisi forfeiting bail bond which were not before trial court when it rendered its judgment, and were not considered by it, and therefore could not render judgment for plaintiff.

**On Appellees' Motions for Rehearing.**

**12. Estoppel ⬤⟶80, 98(1)—Sheriff undertaking to forfeit bail bond estopped himself, and those accepting payment of money thereunder, to deny validity.**

Sheriff undertaking to forfeit bail bond as valid obligation against one depositing sum with him as security to bail bond, estopped himself, and those who accepted payment of money thereunder, to deny its validity.

**13. Limitation of actions ⬤⟶65(2)—Cause of action to recover money deposited with sheriff as security to bail bond did not arise until judgment nisi forfeiting bond was set aside.**

Plaintiff, who deposited sum with sheriff as security to her bail bond, had no right to recover money until judgment nisi forfeiting bail

bond was finally set aside, and her cause of action could not have arisen until that time, so that action was not barred by statute.

**14. Bail ⬅73—County, being charged with notice of proceedings under which sheriff paid over sum deposited as security to bail bond, cannot assert greater rights in funds than could sheriff.**

County being charged with full notice of proceedings under which sheriff paid over to it funds which plaintiff deposited with sheriff as security to her bail bond, could not obtain, nor assert, any greater right in funds than could sheriff.

Appeal from District Court, Bexar County.

Action by Mrs. Emma Hedda B. Turley, née Burgemeister, and husband, against John W. Tobin and others. From a judgment for defendants, plaintiffs appeal. Reversed and remanded, with instructions.

Wm. C. Church, Douglas N. Lawley, and Jas. V. Graves, all of San Antonio, for appellants.

T. J. Newton, J. M. Woods, Joseph Ryan and Hull & Oliver, all of San Antonio, for appellees.

BAUGH, J. Mrs. Emma Hedda Turley, née Burgemeister, joined pro forma by her husband, brought this suit against John W. Tobin, the sureties on his bond as sheriff of Bexar county, and against Bexar county, to recover $7,500 deposited by her with said Tobin while sheriff of said county as security to her bail bond. Judgment was rendered for the defendants, from which this appeal is prosecuted.

The facts involved are substantially as follows: In December, 1914, the appellant, then Emma Hedda Burgemeister, was arrested by John W. Tobin, then sheriff of Bexar county, charged with the murder of Otto Koehler. She executed a bail bond in the sum of $7,500 for her appearance on February 1, 1915, to answer said charge of murder, which she signed as principal, and Emmy Dorschel and James R. Voble signed as sureties, and as further security to said bond she deposited with said sheriff the sum of $7,500 in money. The sheriff thereupon released her on December 24, 1914. She did not appear for trial at the time stated, and the district court on February 1, 1915, entered a judgment nisi forfeiting said bond as provided for in chapter 4, arts. 424, 425, Code of Criminal Procedure, but said judgment was never made final in accordance with the requirements of articles 426 et seq. c. 4, of said Code. On March 8, 1915, however, John W. Tobin paid to Bexar county $6,000 under said judgment nisi, to the district attorney $750, to the district clerk $375, and retained $375 as his own fees. In October, 1917, Emma Hedda Burgemeister returned to San Antonio, was rearrested, made a new bond, stood trial upon the charge of murder, and was acquitted in January, 1918. Soon thereafter she filed a motion seeking to set aside said judgment nisi, which had not been made final, which motion the trial court dismissed in February, 1918. Two other amended motions of like import were also dismissed by the trial court on its own motion. From the dismissal of the third amended motion to set aside the judgment nisi, she appealed to the Court of Criminal Appeals, and that court dismissed her appeal for want of jurisdiction. See Burgemeister v. State, 83 Tex. Cr. R. 307, 203 S. W. 770. She thereupon applied for and was granted a writ of mandamus by the Supreme Court on March 19, 1924, ordering the district court to hear her motion to set aside said judgment nisi (see Burgemeister v. Anderson, 113 Tex. 495, 259 S. W. 1078) and either make said judgment final or vacate it as the law and the facts might require. No further action is shown to have been taken thereon until May 15, 1926, when a hearing was had on said motion to vacate before Special District Judge Fitzhugh. All these proceedings were had in the Thirty-Seventh district court of Bexar county; and, so far as the docket or the minutes of that court disclose, no final judgment on said bail bond forfeiture has ever been entered.

On May 17, 1926, appellant presented her claim for $6,000 to the Bexar county commissioners' court, and, same being rejected, she filed this suit on March 22, 1927, in the Forty-Fifth district court of that county, alleging, among other things, that said judgment nisi was by the Thirty-Seventh district court on May 16, 1926, set aside and vacated, and that she did not know prior to that time that the said John W. Tobin had paid out under said judgment nisi the $7,500 deposited with him by her in December, 1914, as collateral security to said appearance bond.

The trial court, upon request made, filed as his thirteenth conclusion of fact the following:

"Hedda Burgemeister knew, or could have known by the exercise of ordinary care, that the sum of $7,500 was disbursed on the 8th day of March, 1915, as shown in the report filed by John W. Tobin, sheriff of Bexar county, Tex., with the county auditor of Bexar county, Tex."

His conclusions of law were:

"(14) I conclude that the cause of action of the plaintiff against all of the defendants is barred by the statutes of limitation of two years.

"(15) The sheriff had no authority under the law to accept a cash deposit in lieu of a proper appearance bond, and, the agreement being unlawful, and having been entered into for the express purpose of evading the law, no legal right can grow out of the same, and the law will leave the parties to such transaction where it finds them."

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The trial court obviously based his conclusion that the deposit of the money with Tobin was an illegal transaction on the cases of Dufek v. Harrison County (Tex. Civ. App.) 289 S. W. 741, and Stahl v. Harrison County (Tex. Civ. App.) 289 S. W. 744. These cases accord with the general rule that, in the absence of statutory authority to do so, acceptance of cash in lieu of a bail bond, and release of the accused thereon is an illegal transaction, from which the courts will afford neither party relief. In neither of those cases, however, was any bond whatever made, and the money involved was deposited by the accused *in lieu of a bond.*

[1] We do not think this rule is applicable in the instant case. The finding of the trial court that the deposit with the sheriff was in lieu of a proper appearance bond is clearly erroneous. We think the question of the validity of said bond has long since been foreclosed. The execution by appellant of a bond was required by law before she could be released; the sheriff accepted it as a bond before releasing her from custody; upon her failure to appear for trial in accordance with the terms of said bond, it was forfeited by the court as a valid bond and judgment nisi entered upon it; and it was under said judgment, never made final, that the sheriff paid out the $7,500 of appellant's money deposited with him. Both the sheriff and the state recognized the validity of said bond in its acceptance and forfeiture, in the payment and acceptance of appellant's money under such forfeiture, and in the judgment nisi, and its validity has been otherwise judicially recognized. See Burgemeister v. State, supra, and Burgemeister v. Anderson, supra.

[2] It is true that the law does not expressly authorize a sheriff to accept money as collateral security to a bail bond; nor does such practice comport with the spirit, purpose, and intent of an appearance bond. But we are not prepared to say that the transaction in this case was wholly illegal. Where money is accepted in lieu of a bond, as was true in the Dufek and Stahl Cases, supra, there is no pretense at compliance with the law precedent to release from custody of one charged with crime. In the instant case, however, the law was complied with. If not satisfied with the sureties, the sheriff could have held the accused until other sureties were furnished, but he chose instead to hold the money in lieu of additional sureties, or as additional security. Under such circumstances we are not willing to hold that Tobin's action was wholly illegal in the sense that he can avail himself of it to the injury of appellant.

[3-5] Again, said bond was a valid and binding obligation on appellant. Whether a cash deposit by her with the sheriff were legal security or not, the parties obviously acted in good faith, and the sheriff is presumed to have so accepted said money, and whether legal or illegal, the sheriff had no right in said fund, except for the purposes for which it was deposited with him. Having accepted it as security to said bond, whether rightfully or wrongfully, he held it subject to appellant's liability on the principal obligation. Her liability on the principal obligation was contingent and subject to being established in the manner prescribed by law. This was never done, and if said judgment nisi was set aside, as alleged, the principal obligation, in itself an entirely legal undertaking, was satisfied, and such satisfaction of the principal obligation of necessity, we think, purged the security given of its stain of illegality, if it was ever in fact so burdened, and if not illegal in the sense that he could so assert it, or in such sense as would bar appellant's action, then Tobin held said fund as trustee.

The next question presented, therefore, is whether appellant was guilty of such negligence, or want of diligence, in discovering what disposition Tobin had made of her money, as would set in operation the statutes of limitation against her. We think not. It is not contended that Tobin or any of the other appellees ever apprized her that Tobin had paid out her money. She testified that she had no such knowledge until after the hearing upon her motion to set aside the judgment nisi. She had a legal right to presume that Tobin, a public official, had not breached his trust, and that he had kept the fund intrusted to him until he was entitled to pay it out legally; that is, until a final judgment had been entered forfeiting her appearance bond, and her liability as principal thereon had been legally established. She was not entitled to demand of him its return until that judgment nisi against her was vacated, and, having no right to it until then, in the absence of some notice clearly brought home to her which would put her upon inquiry, she was not negligent in failing to inquire whether Tobin had paid out her money unlawfully.

Nor was the sheriff's monthly report for February, 1915, filed with the county auditor, showing that he had collected a "fine or judgment" of $6,000 in "State v. Burgemeister," any notice to appellant that he had paid out her money. Leach v. Wilson County, 68 Tex. 353, 4 S. W. 614. In order to have set in motion the limitation statute, there must have been a clear and unequivocal disavowal or repudiation of the trust brought home to the cestui que trust. Leach v. Wilson Co., supra; Cavitt v. Gulledge (Tex. Civ. App.) 255 S. W. 784; Yeaman v. Galveston City Co., 106 Tex. 389, 167 S. W. 710, Ann. Cas. 1917E, 191; Hand v. Errington (Tex. Com. App.) 248 S. W. 25; 37 C. J. 924 et seq. This burden appellees failed to discharge, and the burden rested upon the appellees to show, not only a repudiation, but notice thereof brought home to the appellant.

[6] The next contention made by appellant

is that the trial court erred in excluding evidence showing that said judgment nisi had, pursuant to hearing under order of the mandamus of the Supreme Court (see Burgemeister v. Anderson, supra), been vacated by the Thirty-Seventh district court. This evidence, preserved and brought forward by bill of exception, shows substantially the following: That on May 16, 1926, Judge Fitzhugh, acting as special judge of the Thirty-Seventh district court of Bexar county, after a hearing upon said motion with all parties present, announced his decision from the bench setting aside said judgment nisi; that one of the attorneys for appellant drew up a decree to that effect, which was signed by the judge and handed to the deputy clerk to be recorded; that both the clerk and said judge thought that such decree had been recorded; and that it was in the minutes of the court when signed by the judge. However, said decree was lost, misplaced, or destroyed, and was never entered of record, nor was any entry thereof made on the court's trial docket. There was produced by the attorney who drew the decree a carbon copy, which had been kept by the attorney, and which was identified by him as an exact copy of that signed by the court at the time. The records of the Thirty-Seventh district court, however, nowhere disclose any final judgment in the forfeiture of said appearance bond.

The trial court did not err in the exclusion of this testimony. As stated in Coleman v. Zapp, 105 Tex. 494, 151 S. W. 1041:

"The judgment of a court is what the court pronounces. Its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. Its entry is the ministerial act by which an enduring evidence of the judicial act is afforded. The failure of the minute entry to correctly or fully recite what the court judicially determined does not annul the act of the court, which remains the judgment of the court notwithstanding its imperfect record. Freeman on Judgments, § 38. Hence it is that from the earliest times the power of correcting or amending their records, by nunc pro tunc entry, so as to faithfully recite their action, has been possessed and exercised by the courts as an inherent right, independent of any statute, and, in the absence of express provision, unaffected by limitation. Freeman on Judgments, § 56; Ency. Pl. & Prac. vol. 18, p. 459."

See, also, Kittrell v. Fuller (Tex. Civ. App.) 281 S. W. 575, writ of error refused.

[7, 8] Nor was said judgment void because of the failure of the clerk to properly enter and record it. It was binding as between the parties in that court. Ætna Ins. Co. v. Dancer (Tex. Com. App.) 215 S. W. 963; Wagley v. Wagley (Tex. Civ. App.) 230 S. W. 493; 34 C. J. 52. The trial court had, and still has, the power by a nunc pro tunc entry to make the records reflect the judgment actually rendered.

[9] But we have here another suit in a different court; and, that being true, the uniform rule seems to be that the only way in which to prove a judgment of another court, unless the record thereof (in this case there was no record) has been lost or destroyed, is either by the original instrument or a duly certified copy thereof. 22 C. J. p. 1011, states the rule as follows:

"It is generally held that the proceedings, judgments, and decrees of court of record can be proved only by the record itself or a properly authenticated copy thereof, and that, if no record of such matters has ever been made, the absence of the record cannot be supplied by parol or other extrinsic evidence; the rule whereby secondary evidence is admitted as to lost or destroyed records not being applicable. In such cases the proper remedy is by legal proceedings to have the missing record properly made up, and for this purpose parol evidence is admissible to show the existence and occurrence of the proceedings, the record of which is to be supplied."

The following authorities also sustain this rule and the action of the trial court. Gauldin v. Madison, 179 N. C. 461, 102 S. E. 851, 10 A. L. R. 1497, and annotations; 23 R. C. L. 158, § 7; 10 R. C. L. 1121, § 329; 10 Enc. of Ev. p. 842; Holt v. Maverick, 5 Tex. Civ. App. 650, 23 S. W. 751, Id. (Tex. Civ. App.) 24 S. W. 532; Jolley v. Brown (Tex. Civ. App.) 191 S. W. 177; Cockrell v. Schmitt, 20 Okl. 207, 94 P. 521, 129 Am. St. Rep. 737.

The record, therefore, as presented to us, fails to disclose any final judgment as yet entered in the judgment nisi proceeding in the Thirty-Seventh district court. The proof contained in the bill of exception, if presented to the Thirty-Seventh district court, would clearly authorize the entry in that court of an order nunc pro tunc, which, when properly recorded, would be available as evidence in the case at bar. Though such requirement in the instant case may seem unnecessarily burdensome, the rule announced above is a salutary one, and the instant case does not authorize a departure from it.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for another trial in accordance with this opinion.

Reversed and remanded.

### On Appellants' Motions for Rehearing.

With her motion for rehearing appellant has presented to us duly certified copies of the order of the Thirty-Seventh district court of Bexar county which set aside the judgment nisi and discharged appellant and her sureties on said bond, together with a nunc pro tunc order of date May 1, 1928, directing that same be recorded in the minutes of said court, and also the clerk's certificate showing that said orders and judgment have been so duly entered and recorded in said court. She

now asks that, based upon this evidence now before us, we reverse and render judgment in her favor.

[10, 11] It is true that said decree setting aside the judgment nisi is incontestable and in its nature a criminal proceeding in which the state is not entitled to a new trial nor to an appeal. Article 440, Code Cr. Proc.; Perry v. State, 14 Tex. App. 166; Robertson v. State, 14 Tex. App. 211. However, it is now well established that Courts of Civil Appeals can, under articles 1822 and 1856, R. S. 1925, consider affidavits, or proof de hors the record, only in so far as same affect their jurisdiction. Ennis Mer. Co. v. Wathen, 93 Tex. 623, 57 S. W. 946; Hamilton v. Eiland (Tex. Civ. App.) 181 S. W. 260. The certified copies now before us were not before the trial court when it rendered its judgment herein, and were not considered by it. Had same been in evidence in the trial court, and in the statement of facts, we would render judgment here for appellant; and though the same result may be obtained by reversing and remanding this case with instructions to the trial court, the wisdom of the rule which forbids appellate courts from usurping the powers of the trial court and rendering a judgment on evidence not before the trial court is obvious.

In view of what we have said, under the conclusions reached, and that this litigation may be finally disposed of, our former judgment herein is modified to this extent: That this cause be reversed and remanded, with instructions to the trial court that upon appellant's offering in evidence duly certified copies of the nunc pro tunc order of May 1, 1928, of the Thirty-Seventh district court of Bexar county, and of the judgment of that court setting aside the judgment nisi made on the 15th day of May, 1926, but not then recorded, the trial court thereupon render judgment for appellant against Bexar county for the sum of $6,000, and against the other appellees for the remainder of said $7,500 sued for, less the amounts adjudged against appellant in said judgment of the Thirty-Seventh district court setting aside said judgment nisi.

Judgment modified.

### On Appellees' Motions for Rehearing.

In motions for rehearing, appellees very earnestly insist that the evidence conclusively shows that appellant never made a valid bond, but that she secured her release from custody by inducing the sheriff to accept the $7,500 in lieu of a bond, and in violation of law, and that the court will grant no relief in such illegal transaction.

[12] We think it is wholly immaterial what Tobin's testimony was on the trial of this case as to the transactions surrounding the execution of said bond. He undertook to forfeit said bond as a valid obligation against appellant. Under such attempted forfeiture he paid out her money in his hands. Its validity as a bond was solemnly asserted in a judicial proceeding, and judgment entered thereon. That judgment, though never made final, was not void, and the sheriff forever estopped himself and those who accepted payment of the money thereunder to deny its validity. To hold otherwise would be repugnant to public policy and unconscionable. Neither the sheriff nor the state, after they have solemnly declared in the courts of the state that appellant's bond was a valid obligation, and have been paid $7,500 of appellant's money by virtue thereof, will be permitted, in a suit to recover said money, to then deny its validity, and assert that same was never a legal obligation, in order to retain the money so obtained.

[13] Upon a further consideration of the question of limitation we have also concluded that, since the appellant had no right to recover said money until said judgment nisi was finally set aside, her cause of action could not have arisen until that time. Hence any question of diligence on her part or of notice as to what the sheriff had done prior to May 15, 1926, with her money deposited with him as security, are wholly immaterial. Under the undisputed facts, therefore, no limitation could have run against her.

[14] And the county, being charged with full notice of the proceedings under which the sheriff paid over to it said funds, could not obtain nor assert any greater or further right therein than could the sheriff.

Appellees' motions for rehearing are overruled.

Overruled.