## HARMSTON et al. v. LABRUM et al.
## HARMSTON v. FARMERS & MERCHANTS BANK.

No. 7614.   Decided September 3, 1952.   (247 P. 2d 895.)

See 32 C. J. S., Evidence, sec. 809. Parol evidence as proof of public writings and records. 20 Am. Jur., Evidence, secs 1164 et seq.

*R. J. Hogan,* Salt Lake City, for appellant.

*Elias Hansen,* Salt Lake City, *J. Rulon Morgan,* Provo, for respondent.

WADE, Justice.

The case of *Rogers T. Harmston, as administrator of the Estate of Isabelle T. Harmston* v. *Farmers and Merchants Bank* and the case of *Rogers T. Harmston, as administrator of said estate and others against the Labrums* were consolidated for trial in the District Court. The suit against the bank was brought to set aside certain mortgage foreclosure proceedings against real property belonging to the estate and for an accounting for rents and profits on the ground that the foreclosure proceedings were void because at the time summons was served on Rogers T. Harmston as administrator of the Estate of Isabelle T. Harmston, deceased, in the mortgage foreclosure action, Rogers T. Harmston was not the duly qualified and acting administrator of that estate, having failed to take his oath of office. The suit against the Labrums was brought to quiet title to some of this property which the bank had acquired through the mortgage foreclosure proceedings and which it subsequently sold to the Labrums.

This appeal is from a decision of the court in favor of the defendants in both cases. There was no question as to the validity of the foreclosure proceedings other than the question of the lack of jurisdiction of the court because of the insufficiency of the service of process. The answer to this question would affect the rights of all the parties to the two suits and for that reason the cases were consolidated for trial.

The foreclosure proceedings were commenced in May, 1941. At the trial, appellants introduced in evidence the record and files in the probate proceedings in the estate of Isabelle T. Harmston, deceased. These disclosed that after a prior administrator had been discharged, Rogers T. Harmston was appointed administrator de bonis non of that estate on December 4, 1940 subject to his filing a sufficient bond and oath of office. On March 8, 1941, the required bond was filed. No oath of office nor letters of administra-

tion or a record of these appear until February 4, 1948, which is the date of an oath of office which is now on file and on February 10, 1948 which is the date when letters of administration were issued to Rogers T. Harmston upon his filing of that oath.

To prove that Rogers T. Harmston had qualified and was acting as the administrator of the estate before the service of process on him as such administrator in the foreclosure proceedings, in May 1941, the respondents called as witnesses the man who was the county clerk from 1935 to 1942 and his assistant. The county clerk testified that he had dictated the answer to a letter dated May 22, 1941 by the attorney for the plaintiff in the foreclosure proceedings inquiring as to who was administrator of the estate. In this answer, which was admitted in evidence, appears the following statement:

"* * * On March 8, 1941 Rogers T. Harmston filed his bond and oath of office and is now the acting and qualified administrator of the estate of Isabelle T. Harmston."

He further testified that when he received inquiries about records and files in his office that it was his practice to have these records and files before him and dictate the replies to these inquiries from the information contained in the records or files. In this he was corroborated by his assistant. The attorney for the bank in the foreclosure proceedings also testified that at the trial in those proceedings he introduced in evidence the probate file in Isabelle T. Harmston's estate and that the oath of office of Rogers T. Harmston was in that file at that time.

Appellants objected to the admission of this evidence as being incompetent and not the proper way to prove the record. They assign the overruling of these objections as prejudicial error.

Letters, oaths and bonds on file in probate proceedings are a part of the judicial record thereof. Section 102-5-1,

U. C. A. 1943, requires that the clerk of the court must record such documents in books to be kept by him for that purpose. Since neither the required oath of office nor letters of administration are on file and no such recording of such documents has been made in the clerk's office, the proper proceeding in such a case would be by motion to have the record properly made up in accordance with the claimed facts. Therefore, the court erred when it admitted parol evidence to prove that the facts were different than shown by the record. In 32 C. J. S., Evidence, § 809 d, page 741, it is stated:

"The rule whereby secondary evidence is admitted as to lost or destroyed records is not applicable to judicial records, although parol evidence is admissible in a proceeding to have the missing record properly made up.

"It is generally held that the proceedings, judgments, and decrees of court of record can be proved only by the record itself or a properly authenticated copy thereof, and that, if no record of such matters has ever been made, the absence of the record cannot be supplied by parol or other extrinsic evidence, the rule whereby secondary evidence is admitted as to lost or destroyed records not being applicable. In such cases the proper remedy is by legal proceedings to have the missing record properly made up, and for this purpose parol evidence is admissible to show the existence and occurrence of the proceedings, the record of which is to be supplied. * * *"

To the same effect see also Wigmore on Evidence, 3d Ed., Sec. 2450. See also *Hamill* v. *Joseph Schlitz Brewing Co.,* 165 owa 266, 143 N. W. 99, 145 N. W. 511; *Cazzell* v. *Cazzell,* 133 Kan. 766, 3 P. 2d 479; *In re Burnett's Estate,* 11 Cal. 2d 259, 79 P. 2d 89; *Turley* v. *Tobin,* Tex. Civ. App., 7 S. W. 2d 949, and *State* v. *Poole,* 68 Mont. 178, 216 P. 798.

The court's error consisted of admitting the evidence to supplement the record. Had respondents by proper motion asked the court to correct the record nunc pro tunc, the evidence which they produced in this trial would have been admissible at the hearing of such motion for the purpose of determining what the record should have shown.

Perhaps it would not be amiss at this time to point out that even if the evidence had been admissible in this action it is doubtful whether it was sufficient to uphold the court's order to correct the record in view of the fact that not only were the oath of office and letters of administration missing from the files, but there is also lacking any record of such filing in 1941 in the book kept for such purpose in the office of the County Clerk. However, the question of the sufficiency of the evidence is not before this court at this time and is therefore not being decided now.

The suit had been brought to set aside certain foreclosure proceedings. No motion had been made or proceedings brought to correct the record upon which appellant was relying. By admitting evidence supplementing the record in the probate proceedings without a direct issue in the pleadings that the record was not correct, this court cannot say that the rights of appellants were not substantially affected. It is possible that had they anticipated such an action they would have been prepared to submit evidence which might have caused the court to find that the record truly reflected the facts in the probate matter.

Remanded to proceed in accordance with this opinion. Costs to appellant.

WOLFE, C. J., and McDONOUGH, CROCKETT, and HENRIOD, JJ., concur.