**302 P.2d 270**

In the Matter of the ESTATE of Isabelle T. HARMSTON, Deceased, by Farmers & Merchants Bank, a corporation, Respondent,

v.

Rogers T. HARMSTON, as Administrator of the Estate of Isabelle T. Harmston, Deceased, Rogers T. Harmston, Fred Harmston, Helene E. Gillis and Marion Eugene Harmston, as the Heirs at Law of Isabelle T. Harmston, Deceased, Appellants.

No. 8464.

Supreme Court of Utah.

Oct. 15, 1956.

358

Richard J. Hogan, Salt Lake City, for appellants.

Elias Hansen, Salt Lake City, J. Rulon Morgan, Provo, for respondent.

WADE, Justice.

In the cases of Harmston v. Labrum, and Harmston v. Farmers & Merchants Bank, Rogers T. Harmston as administrator of the Estate of Isabelle T. Harmston, deceased, sought to have set aside certain mortgage foreclosure proceedings of the bank against real property belonging to the estate and to quiet title to such property against the Labrums who had acquired the property from the bank. In those suits which were consolidated for trial, the defendants therein attempted to prove that the probate records in the estate did not truly reflect the facts in that the oath and letters of administration of Rogers T. Harmston did not appear therein prior to February 4, 1948, when in truth and in fact Rogers T. Harmston had taken his oath of office and letters of administration had issued to him on March 8, 1941, which was before the foreclosure proceedings had been commenced. The District Court allowed the defendants in those actions to prove the above facts by parol evidence and on appeal by the plaintiffs therein to this court we held that the admission of such evidence in those suits was error and that judicial records could only be corrected in

proper proceedings brought for that purpose. See Harmston v. Labrum, Utah, 247 P.2d 895.

After remittitur of the above cases the Farmers & Merchants Bank filed a petition in the Isabelle T. Harmston Estate to have the record therein corrected to show that the oath of office was taken and letters of administration issued to Rogers T. Harmston in March, 1941.

Appellants herein objected to the above petition in the probate court and moved that it be dismissed on the ground that such petition should have been addressed to the court in which the cases brought by appellant against the Bank and the Labrums were still pending. The court refused to grant this motion and on the hearing of the bank's petition it introduced substantially the same evidence it had introduced in the case brought by appellants herein against it. This evidence consisted of a letter from the county clerk dated May 22, 1941, in reply to an inquiry of the bank's attorney in the foreclosure proceedings wherein the attorney was informed that Rogers T. Harmston had filed his oath of office on March 8, 1941, and had become the acting and qualified administrator of Isabelle T. Harmston's estate and the testimony of the then county clerk that it was his practice to have before him the files and records of any matter upon which inquiry had been made when dictating a reply thereto. In this he was corroborated by two assistants. The attorney for the bank in the foreclosure proceedings also testified that he had seen the oath of office in the files when he introduced in evidence the probate records in that case. Appellant herein failed to testify or introduce any other evidence and the court granted the bank's petition and ordered the correction of the record nunc pro tunc to show that Rogers T. Harmston had filed his oath of office and that letters of administration had issued to him on March 8, 1941. This appeal is from such order.

Appellants contend the court erred in failing to grant the motion to dismiss respondent's petition to the probate court to correct the record in the estate because the question of whether Rogers T. Harmston was the duly qualified administrator of the estate of Isabelle T. Harmston in 1941 is an issue in the case against the bank brought to set aside the foreclosure proceedings and "the plaintiff in that case is entitled to have adjudged in a single action all of the issues in his case, without having to resort to a defense of numerous and collateral actions."

There is no merit to this contention. Although the question of whether Rogers T. Harmston was the duly qualified administrator of the Estate of Isabelle T. Harmston when the foreclosure suit was brought is an issue in the case brought by appellant against the bank and proof of this issue depends upon the record in that es-

360

tate, what the record and files should contain is not an issue and it was proper for respondent to file its motion for correction of the record in the court in which the errors were alleged to have occurred, in this instance the probate court in which the error was alleged to have been made is the proper court in which to bring proceedings for correction of the record. See Turley v. Tobin, Tex.Civ.App., 7 S.W.2d 949; In re Bates' Estate, 70 Okl. 321, 174 P. 743; Kaufman v. Shain, 111 Cal. 16, 43 P. 393, and State v. Poole, 68 Mont. 178, 216 P. 798.

▬ Appellant also contends that the court erred in admitting in evidence the letter written by the county clerk in answer to bank's attorney's inquiry relative to who was the administrator of Isabelle T. Harmston's estate and the testimony of the clerk and his assistants as to his practice of having the files before him when answering letters containing inquiries pertaining to estate matters and also the admission in evidence of the files of the foreclosure proceedings wherein a default judgment had been obtained by the bank, which contained a finding by the court that Rogers T. Harmston, was the administrator of the Estate of Isabelle T. Harmston. Appellant cites numerous grounds why the above evidence should not have been admitted. We have carefully considered these contentions, but find no merit to them. The evidence was clearly admissible for what-

ever it was worth as parol evidence of the existence of an oath of office and of letters of administration of Rogers T. Harmston in the Estate of Isabelle T. Harmston in March, 1941. The parol evidence is admissible in a proceeding to correct a judicial record, see Harmston v. Labrum, Utah, 247 P.2d 895 and cases cited therein.

▬ Appellant further contends that the evidence was insufficient to support the court's findings and conclusions that the record should be corrected nunc pro tunc to show that Rogers T. Harmston took the oath of office and letters of administration issued to him in March, 1941.

Before an order to correct the record nunc pro tunc is made by a court in proceedings such as in the instant case it must have evidence which is clear and convincing of what the record should contain since in proceedings of this type this is a question of fact which must be ascertained before the order can be made. See Jacks v. Adamson, 56 Ohio St. 397, 47 N.E. 48 wherein that court said on page 49 of the North Eastern Reports:

"* * * In proceedings of this character, [motion to correct nunc pro tunc probate record] whether the order had been made is a question of fact. It seems more consonant with the purpose for which the power of making entries nunc pro tunc is exercised, and with the reasons involved, that in de-

termining that question of fact the court should resort to all sources of information that are competent under general rules, including the oral testimony of witnesses who have personal knowledge upon the subject. The proceeding presupposes the absence of a record upon the subject, and the court should receive the best evidence of which the case admits. This view of the subject has been taken in numerous cases, including Brownlee v. [Board of] Commissioners, 101 Ind. 401; Rugg v. Parker, 7 Gray, [Mass., 172,] 173; Frink v. Frink, 43 N.H. 508; Weed v. Weed, 25 Conn. 337; Bobo v. State, 40 Ark. 224. In Hollister v. Judges, 8 Ohio St. 201, it was applied by this court to the correction of a bill of exceptions which was also a part of a judicial record. The reported cases generally recognize the impropriety of exercising the power in question, unless it is clearly shown that the supposed judicial action was formerly taken. In various forms it is declared that to establish that fact there should be such convincing evidence so as to exclude all conjecture. * * *"

See also Kaufman v. Shain, supra.

In Harmston v. Labrum, supra, we stated that the oral evidence, which we held was erroneously admitted in that case to prove the record was incorrect, and which was substantially the same evidence admitted in the instant case, might not be sufficient to prove the incorrectness of the record in a proper proceedings. We now, after carefully considering it, believe that the court was reasonably justified, in view of all the evidence and the circumstances, in arriving at its conclusion that the evidence was clear and convincing that the record was not correct and should be corrected nunc pro tunc.

Affirmed. Costs to respondent.

McDONOUGH, C. J., and CROCKETT, and HENRIOD, JJ., concur.

WORTHEN, J., having disqualified himself, does not participate herein.