### STATE OF CONNECTICUT
vs.
### KNOWLES LOMBARD COMPANY

Superior Court      New Haven County      File #46623

Present: Hon. ALLYN L. BROWN, Judge.

| | |
|---|---|
| Attorney General, C. A. Pelton; | Attorney for the Plaintiff. |
| O'Keefe & French; | Attorneys for the Defendant. |

#### MEMORANDUM FILED JULY 17, 1935.

BROWN, J. By this demurrer the parties seek the determination of the question of whether the taking by the defendant of large quantities of sand from the shore of Long Island Sound in the Town of Madison between high and low water marks and at a point opposite land of which the defendant is the upland owner, constitutes a violation of the plaintiff's rights. It is my conclusion that upon the allegations of the

present record this issue cannot properly be determined upon this demurrer. A further amplification of the complaint, then attacked by demurrer; or, either an agreed state of facts, or a hearing upon the merits, upon issue joined,—seem to me essential to the proper raising of the question argued by counsel.

For the purposes of this demurrer, the reasonable import of the plaintiff's allegations that it "owns and controls the land lying between high and low water marks" at the place in question (Par. 3), that the defendant has long "without right removed" sand therefrom (Par. 4), having never "received . . . authority" so to do from the plaintiff, and thus "inflicted great damage" upon the plaintiff (Par. 5), is that the plaintiff is the full and absolute owner of the locus in question in fee. In other words such ownership as is alleged, may well include not only the rights inhereing to it through sovereignty, but others by grant from the upland owner as well. **Simmons vs. French, 25 Conn. 345, 351.** Nor are the allegations of the Amendment to Complaint sufficient to eliminate this possibility. Adding to Par. 4 of the complaint the fact that the defendant is the upland owner opposite the place in question doesn't do it. No more does the defining of the "irreparable damage" mentioned in Par. 5 as the impairment of the "Land between high and low water marks in its use by the general public" so limit the scope of the damage set out as to afford a sufficient allegation ofthe other essential fact referred to in the next paragraph, since the action is not only for equitable relief but damages as well, and this amendment is not broad enough to qualify the earlier allegation of "great damage to" the plaintiff as set forth in said Par. 5.

In other words, as the record now stands, two facts essential to the sustaining of this demurrer upon the vital issue argued by counsel are not alleged in the complaint as amended; (1- that the plaintiff's title and right in the land in question is limited to that inherent in the State as sovereign; and (2) that the substantial paramount public right to the free and unobstructed use of navigable waters for navigation has not been interfered with or affected by the defendant's acts. Therefore, assuming for the purposes of this memorandum, without deciding, that as contended by the defendant, when the upland owner has not parted with any of his rights or easements in abutting shore, the only right the state has

against him, is to prevent any act that interferes with navigation (**Orange vs. Resnick, 94 Conn. 573, 578**), irrespective of the fact that such taking away of sand as here, goes beyond any of the upland owner's rights enumerated in any of the Connecticut decisions, and that the principle of "sic ueter tuo, ut alienum non laedas" applies in such a situation (**Beardsley vs. Hawes, et al, 71 Conn. 31, 39**), the demurrer is overruled.

John J. Farrell,                    Attorney for the Plaintiff.